[No. 1437.    December 23, 1911.]

THE COMMUNITY DITCHES OR ACEQUIAS OF
    TULAROSA TOWNSITE, a Corporation, Appel-
    lant, v. THE TULAROSA COMMUNITY DITCH,
    W. D. TIPTON, E. KNIGHT, J. J. DALE, and E.
    H. SIMMONS, Appellees.

### SYLLABUS (BY THE COURT).

1.    The remedy for the unlawful assumption of the right
to act as a corporation and the exercise of corporate rights
ultra vires, is by quo warranto and not in equity.

Appeal from the District Court for Lincoln County,
before E. R. WRIGHT, Associate Justice.    Affirmed.

W. J. CONNELL and EDWIN MECHEM for Appellant.

The ditches are community ditches.    C. L. 1897, secs.
8, 10; Vernon Irrigation Co. v. City of Los Angeles, 39
10; Vernon Irrigation Co. v. City of Los Angeles, 39
Pac. 765; Hart v. Burnett, 15 Cal. 538; Lux v. Haggin,
10 Pac. 713.

Injunction is the proper remedy.    U. S. v. Alexan-
der, 46 Fed. 728.

Priority.    Rev. U. S. Stat., sec. 2339.

T. B. CATRON for Appellee.

Community ditches.    C. L. 1897, secs. 8-15; Laws
1895, chap. 1; Laws 1903, chap. 98; Laws 1899, chap.
44; 2 Machem's Mod. Law of Corp.. secs. 1477, 1480.

Presumption in favor of corporate acts and doings.
Water may be sold separate from the land.    3 Farnham
Water and Water Rights 2004; McPhail v. Forney, 4 Wyo.
556; Arnett v. Linhart, 21 Col. 188; Strickler v. Colorado
Springs, 16 Colo. 61; Crippen v. Comstock, 66 Pac. 1074;
Cache La Poudre Co. v. Reservoir Co., 25 Colo. 144.    The
last case is one which affirms the same case in the 8th
Colorado Appeals 234; Wiel on Water Rights 590;
Cooper v. Shannon, 36 Colo. 98.

Quo warranto. 32 Cyc. 1412; Moody v. Lowrimore, 74 Ark. 421; Ames v. Kas., 111 U. S. 449; 14 A. & E. Cyc. Law, Franchises; ex parte Henshaw, 73 Cal. 493; Spring V. W. Works v. Shotler, 62 Cal. 110; State v. Boston, 25 Vt. 442; Feitsam v. Hay, 122 Ill. 295; Armijo v Baca, 3 N. M. 391.

### STATEMENT OF THE CASE.

The plaintiff alleges that it is a corporation, organized and existing under the laws of New ·Mexico and entitled to control and distribute the waters of the Tularosa river in the County of Otero, in the interest and for the benefit of those entitled to use those waters; that the defendant, the Tularosa Community Ditch was organized "in the interest of certain so-called 'shareholders,'" whose "water rights and shares * * * are solely of speculative character, and their source of origin was not the appropriating and placing of any of said waters of the Tularosa river to a beneficial use or applying or using the same on any specified land as is required by law," that the said defendant, the Tularosa Community Ditch, "has assumed to act in a corporate capacity without any lawful right or authority to do so," and "that at the present time and for some time past the said defendants, W. D. Tipton, E. Knight, and J. J. Dale, claiming to be the commissioners of said 'The Tularosa Community Ditch,' and the said E. H. Simmons, claiming to be the mayordomo of said 'The Tularosa Community Ditch,' have wrongfully and unlawfully assumed to act as commissioners and mayordomo respectively, of said so-called 'The Tularosa Community Ditch,' and have wrongfully and unlawfully, and by intimidation and threats of injury and violence prevented the said original . settlers, their successors, heirs and assigns, from enjoying and using the full and proper quantity of said waters necessary for the irrigation of their 'Solares' and 'Hortolizas' in said Town of Tularosa, and have wrongfully and unlawfully interfered with said acequias and water ditches and with the commissioners and mayordomo of said 'The Community Ditches or Acequias of Tularosa Townsite,'

in the exercise of their duties in regulating the use of said water and regulating the use of and maintaining the said acequias and water ditches, and wrongfully and unlawfully have diverted and used much water therefrom in and upon desert land outside of the Town of Tularosa which has been grubbed, broken and put in cultivation since January 1, 1909, as well as prior thereto, and have aided and abetted the said organization known as 'The Tularosa Community Ditch' in the wrongful commission of all the acts mentioned and complained of and propose to continue so to do, and will continue so to do unless enjoined and restrained by a decree of this honorable court." The complaint concludes with a prayer for equitable relief, and especially that the defendants "be enjoined from in any manner interfering with said acequias and water ditches or with the waters of said Tularosa river therein, or in any manner interfering with said plaintiff, its commissioners or mayordomo in the management and control of said acequias and water ditches or the use or regulating the use of the waters therein." At the close of the evidence for the plaintiff the defendant demurred to it on several grounds, among them, "that plaintiff has not shown that it had charge of or control of the community ditch in question. Plaintiff has not shown that it has any right to institute this action." The demurrer was sustained for the reason, with others, "that the procedure brought is not a proper procedure to determine the rights of the plaintiff or defendant to control the use and disposition of this water," and the petition was dismissed "without prejudice to any of the rights of any individual whatever who may have right in and to the waters or ditches referred to in the pleadings."

## OPINION OF THE COURT.

ABBOTT, J.—The plaintiff has, we think, mistaken its remedy in this matter. It alleges the usurpation of corporate authority by the defendant, The Tularosa Community Ditch, that it has no right to act in a corporate capacity, and, in effect, that even if it had any right to

act as a corporation, it had committed acts against the plaintiff which were *ultra vires*. and constituted an abuse and misuse of its power. If these allegations are true, the exclusive remedy is by quo warranto. If the defendant, The Tularosa Community Ditch, is assuming to be a corporation, when, in fact, it is not one, or, if being one, it has usurped authority beyond its corporate powers, it is a matter of public concern and should be dealt with, not by a suit in equity, in which a decision would necessarily be limited to the cause itself, but in proceedings in the nature of quo warranto, which would determine the status of the defendant, once and for all. In Spelling's Extraordinary Relief, it is said (Section 1804): "Quo warranto has, from its remotest history as a remedy, been deemed and employed as the exclusive proceeding by which the sovereign inquires into the right to exercise and enjoy, as well as the method of employing franchises, which, not being of common right, are considered as particles or attributes of sovereignty. It is the appropriate remedy against a corporation for abuse of power, misuse of privilege, malfeasance, or nonfeasance." Citing Com. v. Union Ins. Co., 5 Mass. 230; Com. v. Fowler, 10 Mass. 290. See, also, Section 21, and note cited. Even more explicit is the statement in Cyc., vol. 32, p. 1415: "In the absence of statutory provision to the contrary, quo warranto proceedings are held to be the only proper remedy in cases in which they are available. Thus they are held to be the exclusive method of questioning the legality of the organization or a change in the territory of a quasi-public corporation, such as a school district, or a drainage district, * * * * * or to attack the validity of the organization of a corporation * * * * and when the remedy by quo warranto is available, it is held that there is no concurrent remedy in equity unless by virtue of statutory provision." Chapter XV of High's Extraordinary Remedies, 3 ed., deals exhaustively with the subject and to the same effect. This court has again and again decided the remedy by quo warranto to be the appropriate and exclusive one where the alleged unlawful possession and

use of the powers of a public office or franchise is complained of. Territory v. Ashenfelter, 4 N. M. 134; Conklin v. Cunningham, 7 N. M. 445; Hubbell v. Armijo, 13 N. M. 482; Territory v. Armijo, 14 N. M. 205. The plaintiff cites Armijo v. Baca, 3 N. M. 391, as an instance where equitable relief was offered; but the plaintiff, Armijo, was in possession of the office there in question, and the defendant was enjoined from interfering with him. The defendant should himself have proceeded by quo warranto.

In this case it appears that the defendants, unlawfully, as the plaintiff claims, are in control of the Tularosa river and the acequias in question, and have been so for a long time, with the exception of a short period when an order of court, afterwards revoked, deprived them of control. The judgment of the district court is affirmed.

Clarence J. Roberts, J., Frank W. Parker, J., concur in the result. W. H. Pope, C. J., not having heard the argument took no part in the decision.