LOUIS PLAGMANN, Appellee, v. CITY OF DAVENPORT et al., Appellants.

**FRAUD:** Pleading—Sufficiency. An allegation that a certain article or thing is a "fraud," without any allegation of fact, presents no issue.

**MUNICIPAL CORPORATIONS:** Public Improvements—Assessment —Injunction—Fraud. Fraud sufficient to justify enjoining the collection of a special assessment for the cost of an improvement may not be inferred from the naked fact that, after several years of service, the improvement proved to be of poor quality.

**MUNICIPAL CORPORATIONS:** Public Improvements—Enjoining Assessments—Limitation of Actions. It is suggested that an action to test the legality of a street improvement, on the ground that the poor quality of the improvement has resulted in a fraud upon the property owner, is barred after the lapse of three months from the date of the order for the issuance of the certificates or bonds. (Section 989, Code, 1897.)

*Appeal from Scott District Court.*—WM. THEOPHILUS, Judge.

DECEMBER 11, 1917.

SUIT in equity to enjoin the collection of a special assessment levied on plaintiff's property for the cost of paving the street upon which it abuts. There was a decree for plaintiff, and defendants appeal.—*Reversed and remanded.*

*Waldo Becker* and *Carl H. Lambach,* for appellants.

*Scott & Scott,* for appellee.

1. FRAUD: pleading: sufficiency.

WEAVER, J.—The petition in this action was filed January 16, 1916. It alleges that plaintiff is a resident taxpayer of the city

of Davenport and owns a certain lot fronting on Fillmore Street in that city; that, on March 16, 1909, the city entered into a written contract with the Davenport Granitoid Company for the paving of Fillmore Street; that on November 9, 1909, the cost of such paving in front of said lot was assessed and levied thereon, and made payable in seven successive annual installments; that plaintiff, without any knowledge of fraud committed in the performance of said contract, has since that date paid several of said installments; and that, unless restrained therefrom, the city will proceed to collect the remaining installments as they fall due; that said pavement so constructed "has become worthless and useless and a fraud upon your plaintiff," in that its surface has become cracked and worn and rutted; that the top coat was "permitted to become frozen when laid down on the street," and that "after four years its life was spent," causing it to crumble and disintegrate; that the contractor made use of an improper mixture of materials, and thereby affected the durability of the work; and that the contractor in many other respects failed to construct the paving according to its agreement and according to the requirements of the specifications. By an amendment, plaintiff further pleads that he did not know of the alleged fraud until within the year prior to the beginning of this suit.

The defendants deny the allegations of fraud, and allege that the pavement was regularly ordered and laid in the manner provided by law. They further aver that plaintiff, in consideration of being allowed to pay the assessment on his lot in deferred installments, signed and delivered to the city his written promise and agreement to waive all objection to said assessment, on account of any illegality or irregularity in said assessment or levy on said property, and to pay the same with interest as the installments should become due; and that he not only thus waived the objections he now attempts to raise, but in fact did pay several of

said installments, by reason of all of which he ought not now to be heard to deny the validity of the charge upon his property. It is further alleged in defense that more than six years had elapsed after said levy before this suit was begun, and in so acting, plaintiff has allowed the contractor's bond guaranteeing the pavement to expire, leaving the city without remedy against the contractor, should it be held liable to plaintiff in this action.

The evidence on the trial tends to show

2. MUNICIPAL CORPORATIONS: public improvements: assessment: injunction: fraud.

that the paving is of concrete, and, at the time of the trial, some seven years after the work was done, it had developed many cracks and broken areas, and in numerous places showed signs of crumbling and disintegration. The expert witnesses in the case quite generally agree that, while such results may have been attributable to a freezing of the material when newly laid, or to an improper mixture of parts, or to the quality of the cement, yet concrete or cement is of such erratic nature and is as yet so imperfectly understood that, even where the materials seem to be of good quality and the work carefully done, it will sometimes prove a failure, while at other times, under apparently the same circumstances, it will prove to be solid and durable. Except as the inference is drawn from the unsatisfactory character of the paving, there is little, if any, substantial evidence that the work was not done in accordance with the contract specifications, nor that any concealment or artifice was practiced by the contractor to deceive or mislead the city or the property owners as to the materials used in the paving, or as to the kind or quality of the work done. It may be admitted that the paving was not a good job of work,—evidently it was not; and, if we were trying an action between the city and the contractor for the recovery of damages on account of nonperformance of the contract, the testimony given in this proceeding would, for

the most part, be both competent and material; but it falls far short of proving a case of fraud. Indeed, there is not an allegation in the entire petition which in any proper or legal sense amounts to a charge of fraud. To call a thing a "fraud," without a statement of facts constituting fraud, is not an issuable allegation. Fraud, as used in this connection, has reference to conduct, words or representations which partake in some material degree of artifice or deception employed to deceive, cheat or circumvent another; it is some form of deception consciously employed for the purpose of misleading another. Nothing of that kind is here pleaded or shown. It is shown clearly enough that the paving is of poor quality, though the cause thereof is left in great doubt; but that does not show a cause of action in the plaintiff's favor. The plaintiff lived in the city and saw the work as it was done. He had daily opportunity to examine it as it progressed. He does not claim or show that anyone deceived or misled him as to the facts. When the work was done, he made no objection thereto and did not appeal from the assessment, but took advantage of the law which allowed him seven years in which to pay the assessment, on condition that he sign the waiver and a written promise to pay the assessment, thus transmuting the character of the charge from a simple lien on his property into a personal obligation to pay. He did pay three successive installments. To now say, as stated in his petition, that the pavement "has become worthless and useless and a fraud upon your plaintiff," is not a charge of fraud, nor will any quantity of evidence that the pavement with the passage of the years had crumbled or disintegrated, or become cracked or broken, amount to proof of fraud. The case made by plaintiff is without any equitable feature to justify the court at this late day in disturbing the assessment on his property, and the petition should have been dismissed. Under very similar circum-

stances, it has been held in Wisconsin that a property owner acting in time may have a remedy at law against the city, but that question is not involved in this action. *Crowley v. City of Millwaukee,* (Wis.) 164 N. W. 833.

The conclusion above announced renders it unnecessary that we enter upon any discussion of the statute of limitations pleaded by the defendants (Code, Section 989), which reads as follows:

3. MUNICIPAL CORPORATIONS: public improvements: enjoining assessments: limitation of actions.

"No action shall be brought, questioning the legality of any street improvement or sewer certificates or bonds, from and after three months from the time the issuance of such certificates or bonds is ordered by the proper authority."

There are many obvious reasons why actions of this kind should be subject to a shortened statute of limitations, and the terms of this statute would seem to be fairly applicable to the present proceeding. See also *City of Topeka v. Gage,* (Kans.) 24 Pac. 82; *Gaastra v. City of Kenosha,* 146 Wis. 93.

It follows that the decree appealed from must be reversed, and the cause remanded, with directions to the district court to enter final judgment dismissing the plaintiff's petition.—*Reversed and remanded.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.