[No. 3637. May 25, 1931.]

[Rehearing Denied July 21, 1931.]

OLIVER et al. v. BOARD OF TRUSTEES OF TOWN OF ALAMOGORDO.

[1 Pac. (2d) 116.]

Holt & Holt, of Las Cruces, for appellants.

George A. Shipley, of Alamogordo, for appellees.

OPINION OF THE COURT

SADLER, J.

The board of trustees of the town of Alamogordo at a meeting held on July 8, 1930, adopted a resolution calling for the paving of certain streets in said town, and fixing August 7, 1930, at 7:30 p. m. at the town hall as the time and place for protesting property owners to appear and have a hearing upon the advisability of making such improvements, the cost thereof, the manner of payment therefor, the amount thereof to be assessed against the property so improved, and providing a notice for such hearing.

It appears from the complaint that appellants appeared and protested against the proposed improvements, and that their protests were formally overruled by the board. They thereupon instituted this suit against the board of trustees of said town, seeking primarily to set aside the determination of the board to proceed with the paving program, questioning its authority to make a threatened levy of one mill on the dollar on taxable property in the town to cover cost apportioned on a front footage basis of paving around certain publicly owned properties, praying a permanent injunction against the prosecution of the work, and for general relief.

The appellants, thirty in number, alleged themselves to be the owners of property abutting upon the streets proposed to be paved, and that they prosecuted the suit not only in their own behalf, but in behalf of all other persons similarly situated who might desire to become parties plaintiff in the cause. The specific lots or parcels of land owned by the respective appellants are not set forth in the complaint, nor is the estimated maximum benefit to be

conferred on any particular lot or parcel of land set forth and complained of as excessive. It is apparent from a careful analysis of the complaint that its whole theory is predicated upon the idea that, by reason of one or the other or all of the matters and things therein alleged, the appellants are entitled to have annulled the determination of the town board to proceed with the paving program, and to have awarded them a permanent injunction restraining the board of trustees of the town from proceeding with the proposed paving program.

The appellees interposed a demurrer to the complaint, which was sustained by the trial court, and, the appellants electing to stand upon their complaint, an order was entered dismissing the same. From such order the appellants have prosecuted this appeal.

It is first urged by appellants that 1929 Comp., § 90-1214, limiting the time for suits to correct or set aside the determination of the governing body of a city or town respecting an improvement program, is an appeal statute granting a mandatory right of review rather than a statute of limitations. It reads as follows:

"At the time and place so fixed as aforesaid any owner of property to be assessed, or any person interested, may file a written protest or objection and may appear before said city council or board of trustees and be heard as to the propriety and advisability of making such improvements, as to the costs thereof and manner of payment therefor, and as to the amount thereof to be assessed against said property.

"Any person filing a protest or objection as aforesaid, shall have the right, within thirty days after the city council or board of trustees has finally passed on such protest or objection, to commence an action or suit in any court of competent jurisdiction to correct or set aside such determination, but thereafter all actions or suits attacking the validity of the proceedings shall be perpetually barred. (L. '29, Ch. 118, § 3, amending Code '15, § 3667.)"

We disagree with counsel for appellants in the construction to be placed on this section of the paving statutes. It lacks many of the earmarks of the ordinary appeal statute. No particular court or forum is designated in which the appeal, if an appeal, shall be prosecuted. "Any court of competent jurisdiction" may be selected in which to maintain the suit. Nor are there present many of the

incidents usual in an act creating a right of appeal and governing the manner of exercising the same.

The section in question creates no new right in a protesting party, though in form appearing so to do. Independently of said section, the right would exist in any interested party to resort to equity to stay the threatened action, if facts warranting the exercise of equitable jurisdiction were shown to exist. And but for said section such right would inhere, not alone for the thirty-day period limited in the act, but for the normal statutory period of limitation applicable to such a suit, unless lost by the existence of facts creating an equitable estoppel.

Short periods of limitations on the right to attack proceedings such as these are present almost invariably in legislation of this kind. 5 McQuillin, Municipal Corp. (2d Ed.) pp. 826 and 854. The reason therefor is well stated by the court in the case of Edmonds v. Town of Haskell, 121 Okl. 18, 247 P. 15, 19, where it said:

"This statute has a twofold purpose, and a twofold effect, viz.: That of stabilizing and maintaining the credit of a town in the commercial world, and thereby benefitting property owners by maintaining a sound credit for their town, and on the other hand it carries assurance to contractors and investors in town securities that the legal obligations of the town must be met."

Such provisions are usually designated in the decisions as statutes of limitations. Plagmann v. City of Davenport, 181 Iowa 1212, 165 N. W. 393, and McKone v. Fargo, 24 N. D. 53, 138 N. W. 967. And while necessarily a review of the proceedings attacked is involved in every suit of this character, yet it is not such a review as an appellate court makes of a cause brought before it for consideration.

We therefore hold that said section 90-1214 provides a limitation on the time within which a suit of the kind mentioned may be instituted and maintained rather than granting a right of appeal and fixing the time for its exercise. In reaching this conclusion, we are not unmindful of the fact that the act in question uses some language tending to support appellants' argument that what was intended was a "review". It provides suit may be insti-

tuted to *"correct* or set aside" the board's determination. We do not think the use of the word "correct" is controlling. Even in suits maintained solely upon a showing of grounds for equitable interference, the relief awarded frequently is correctory in character.

This conclusion forecloses appellants from having a review in this court on many of the matters argued in their brief which involve the exercise of discretion by the town board. As against the wisdom of the proposed improvement, the appellants in their complaint set forth the existing financial depression, the inability of the citizens to meet current taxes, the closing down in the town of a large lumber industry, the reduction of its local forces by Southern Pacific Railway Company, and other matters of like import. All of these are matters which might have been, and no doubt were, urged upon the board of trustees of the town for careful consideration in determining the expediency of proceeding with the improvements. Such board, no doubt, gave due consideration to all of these arguments against the plan, and then decided in favor of it.

No allegation appears in the complaint which would have warranted the lower court in giving to the appellants a hearing upon the wisdom of the board's determination of these discretionary matters. The exercise of its discretion by the board of trustees in matters of this kind submitted to its decision is conclusive, in the absence of a showing of fraud or conduct so arbitrary as to be the equivalent of fraud. La Mesa Community Ditch v. Appelzoeller, 19 N. M. 75, 140 P. 1051; City of Socorro v. Cook, 24 N. M. 202, 173 P. 682.

Nor do the appellants strengthen their claim for injunctive relief to stay the prosecution of the paving program as a whole by the broad, general allegation that the enhancement in value of the abutting property of appellants, resulting from the paving, will not be commensurate with the estimated cost proposed to be assessed against such property. This fact, if true, would not have warranted the lower court in setting aside the determination of the town board on the wisdom and propriety of paving

and in enjoining it from prosecuting the paving program, as prayed for by appellants. The decision of the town board on these matters, absent fraud or its equivalent, is controlling and conclusive. Ellis v. New Mexico Construction Company, 27 N. M. 312 (322), 291 P. 487.

There appear in the complaint, however, certain allegations which, if true (and their truth was admitted for purposes of the ruling on the demurrer), may expose the town board to the restraint of injunctive relief in some appropriate proceeding, assuming said board shall continue to threaten certain action alleged in the complaint, even though under the situation here disclosed such allegations are not fatal to the demurrer. We refer to the allegations of paragraph XIX of the complaint. In said paragraph XIX of the complaint, it is alleged in substance that it is the declared purpose of the defendant board to make provision for the estimated pro rata cost of paving around certain public properties within the paving district by causing to be laid on all taxable property in said town a special levy not to exceed one mill on the dollar per annum. The public properties in question are the premises occupied by the county courthouse belonging to the county of Otero; a certain piece of real estate known as Alameda Park belonging to the town of Alamogordo; and a certain site occupied by the high school building belonging to the board of education of the town of Alamogordo, being within school district No. 1 of Otero county. It is alleged that all of these public properties abut on the streets proposed to be paved.

Counsel for appellants assert that the municipality is wholly without authority through the medium of said special levy to provide for the pro rata cost of the paving around any of said public properties. The appellees, on the other hand, assert that authority for the proposed method of defraying the cost of paving around *all* of said public properties is to be found in 1929 Comp., § 90-1401, being section 1 of chapter 85 of New Mexico Session Laws of 1921 as amended by section 1 of chapter 19 of New Mexico Session Laws of 1927. Both are wrong.

It will be observed from a reading of the said section that it furnishes express authority for thus meeting the pro rata cost of the paving or other improvement abutting on land owned by cities, towns, or villages, the United States of America, the state of New Mexico, or any county thereof. What reason may have moved the Legislature to omit school districts from the provisions of this act we are unable to determine. The fact remains that school districts are not mentioned.

Section 90-1401 reads as follows:

"That when, in the opinion of the governing body of any city, town or village, it shall be deemed advisable to construct or repair any sidewalks, paving, grading, sewer, gutter or other improvements in, upon, adjoining, under or above any street, alley or other public way, abutting on land owned by such municipalities, the United States of America, the state of New Mexico, or any county thereof, the governing body thereof may provide for the whole, or any part of the cost of such repairs or improvements chargeable against the front footage of such public property under existing laws, by causing to be levied upon the taxable property within such municipalities a special tax which shall not exceed one mill on the dollar for any one year, the proceeds of such tax to go into a special fund to be applicable only to the payment of the cost of such repairs or construction. Provided, that the surplus, if any, derived from said one mill levy not required for the purposes hereinbefore in this section provided, may be expended by the governing body of such municipalities in general repairs to sidewalks, paving, grading, sewer, gutter or other improvements throughout such municipalities. (L. '27, Ch. 19, § 1, amending L. '21, Ch. 85, § 1.)"

Appellants argue, however, that the board is authorized to direct this special levy only where the whole or some part of the cost of such repairs or improvements is chargeable against the front footage of such public property "under existing laws," and that, inasmuch as no existing law authorizes the assessment of any of such cost against public property, the conditions under which the act would have operative effect were never shown to exist.

We are unable to follow appellants in this line of argument. It seems too clear for argument that, when the Legislature authorized the governing body of any city, town, or village in constructing the designated improvements to make a special levy to meet the cost thereof chargeable against the front footage of such property *under existing laws,* it simply meant where the cost there-

of would be so chargeable to said property but for the fact that it. was public property. Indeed, the only excuse for the enactment of this legislation lay in the fact that, where the front footage method of assessing benefits was to be employed, existing laws provided no authority for applying such method against abutting public property. When appellants therefore affirm that no existing law authorized the method here adopted, at least in so far as same applies to the county and town property, they thereby it seems to us, deprive themselves of the very argument advanced.

No reason is urged upon us for denying this section the effect which its language plainly carries. We therefore must hold against appellants on this ground of attack in so far as the proposed special levy is designed to meet the cost of paving around the property of the county of Otero and the town of Alamogordo. As to the school property, however, the town board is without authority to cover the cost of this paving in the aforesaid one-mill levy.

As a matter of fact, the allegations of the complaint are somewhat indefinite on just what is proposed to be done in meeting the cost of paving around public properties. Paragraph XVII alleges that the defendant board contemplates, expects, and intends that the county, town, and board of education shall each assume and pay estimated pro rata cost of paving around the respective properties owned by each. Then follows the allegation contained in paragraph XVIII that each of said municipal subdivisions by reason of a want of available funds will fail in its purpose and plan to pay its share. Paragraph XIX next alleges the declared purpose and intention of the town board to provide for the cost through said special one-mill levy.

If actually the board of education intends to assume and pay its pro rata share of the estimated total cost of such paving calculated to it on a front footage basis, 1929 Comp., § 120-604, a part of the School Code, suggests authority for including such cost in its budget under direct charges as an improvement of school grounds and

buildings. No authority, however, for including the same in the special one-mill levy is contained in the act relied upon.

We have seen fit to discuss the matter of the cost of paving around public properties at somewhat greater length than the subject warrants, in view of our conclusion that its position in the case is not such as to render erroneous the court's action on the demurrer. To be explicit, so far as the record discloses, neither side to this controversy called to the attention of the trial court the fact that the cost of paving around a school property occupied any different position than the question of the cost of paving around the courthouse or the town park. Each side assumed below, as both have assumed here, that the public properties involved all occupied the same position as respects the right, or want of it, to cover the cost of their paving in said one-mill levy.

Furthermore, this whole question of the town board's threat to cover cost of paving around public properties into said one-mill levy was clearly set forth in the complaint by way of inducement, and as just one other and further reason why the town board's determination to proceed with the paving program should be set aside, and the prosecution of the plan enjoined. It is not anywhere sought by the complaint to restrain the making of this special one-mill levy, except as a necessary incident to stopping the whole program toward the fulfillment of which it was desiged to supply a portion of the cost.

In view of these considerations, we cannot attach error to the trial court's failure to find in the allegations in question grounds for overruling the demurrer. Our disposition of the question here will, of course, be without prejudice to the pursuit by appellants of any other remedy they may have to restrain the town board, if it perseveres in its threatened action, from causing any portion of said special levy of one mill to be made or used for the purpose of paying cost of paving around said high school property.

The objection is further urged in the complaint that the special levy of one mill proposed to be laid on taxable property in the town of Alamogordo will not produce a fund sufficient to meet the estimated cost of improvements to the abutting public property. While this circumstance might, if true, affect the financing of the proposed improvements, obviously it furnishes no grounds for equitable relief.

After mature and careful consideration, we find no error in the action of the trial court in sustaining the demurrer interposed to the complaint and in dismissing said complaint upon appellants' election to stand upon the same. The judgment appealed from will therefore be affirmed, and the cause remanded, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

PARKER and HUDSPETH, JJ., did not participate.