399 P.2d 920

**STATE of New Mexico ex rel. BOARD OF COUNTY COMMISSIONERS OF GRANT COUNTY and State Highway Commission of New Mexico, Relators,**

v.

**The Honorable Garnett R. BURKS, of the District Court of the Sixth Judicial District of the State of New Mexico, Respondent.**

No. 7550.

Supreme Court of New Mexico.

March 1, 1965.

Earl E. Hartley, Atty. Gen., Hadley Kelsey, Joseph L. Droege, Richard T. Whitley,

Special Asst. Attys. Gen., Santa Fe, for relators.

E. Forrest Sanders, William W. Bivins, Las Cruces, for respondent.

NOBLE, Justice.

By an original proceeding in this court, the State Highway Commission seeks to prohibit Judge Burks from continuing with the trial of an inverse condemnation action brought against it by G. A. Jarrell.

Jarrell's action in inverse condemnation was brought under § 22–9–22, N.M.S.A. 1953, which reads:

"Any person, firm or corporation authorized by the Constitution or laws of this state to exercise the right of eminent domain who has heretofore taken or damaged or who may hereafter take or damage any private property for public use without making just compensation therefor or without instituting and prosecuting to final judgment in a court of competent jurisdiction any proceeding for condemnation thereof, shall be liable to the owner of such property, or any subsequent grantee thereof, for the value thereof or the damage thereto at the time such property is or was taken or damaged, with legal interest, to the date such just compensation shall be made, in an action to be brought under and governed by the Code of Civil Procedure of this state; Provided that this act [22–9–22,

22–9–23] shall not apply to or affect any telephone line, telegraph line, electric light or power transmission line."

The action named the Board of County Commissioners of Grant County and the State Highway Commission as defendants. Motions challenging the court's jurisdiction were filed, argued, and submitted to Judge Burks, and after more than ninety days had expired without a ruling thereon, the defendants elected to treat the motions as denied, pursuant to § 21–4–23, N.M.S.A. 1953. An alternative writ of prohibition was thereafter sought and granted as to the State Highway Commission but refused as to the Board of County Commissioners.

The sole question before us is whether the State Highway Commission may be sued in an inverse condemnation action. The remedy of prohibition will lie where the court is without jurisdiction or is about to exceed it. State ex rel. Miller v. Tackett, 68 N.M. 318, 361 P.2d 724; State ex rel. Harvey v. Medler, District Judge, 19 N.M. 252, 142 P. 376.

It is fundamental that the state cannot be sued without its consent. Maes v. Old Lincoln County Memorial Commission, 64 N.M. 475, 330 P.2d 556; Parr v. New Mexico State Highway Department, 54 N.M. 126, 215 P.2d 602; Arnold v. State, 48 N.M. 596, 154 P.2d 257; State ex rel. Evans v. Field, 27 N.M. 384, 201 P. 1059. The Highway Commission relies upon this

rule in support of its contention that the court is without jurisdiction.

There is a striking similarity between the facts in the instant case and those in Dougherty v. Vidal, 37 N.M. 256, 21 P.2d 90, and counsel for respondent concede that Dougherty is controlling and requires that the writ be made permanent unless it can successfully be distinguished. We find no valid ground of distinction.

It is agreed that the present suit is an effort to compel the State Highway Commission and the Board of County Commissioners to pay compensation for the alleged taking of a water well in the construction of a highway. In Dougherty, a board of county commissioners and the State Highway Department were sued for damage to property caused by the change in grade of a highway after a right-of-way easement had been granted upon the promise that no change in grade would be made.

Respondent's contention, that Article II, Section 20 of the New Mexico Constitution, providing that "Private property shall not be taken or damaged for public use without just compensation" necessarily implies consent to sue the state if private property is taken or damaged by a state agency or subdivision without compensation, was also asserted in Dougherty and expressly rejected.

It is argued that because the State Highway Commission has the right of eminent domain it should be deemed to be a corporation within the contemplation of the inverse condemnation statute and that this statute gives consent to sue the commission. Vigil v. Penitentiary of New Mexico, 52 N.M. 224, 195 P.2d 1014, expressly held that mere corporate status of a state agency is not determinative of whether a suit against it is one against the state, and overruled, to that extent only, the contrary statement in Dougherty v. Vidal, supra. Vigil held that permission to sue and to be sued granted to a state agency given corporate status does not include the right to sue such a corporation in tort. The reasoning by which that result was reached in Vigil applies with equal force to this action in inverse condemnation. In both, any recovery would necessarily be a money judgment against the state. We hold that § 22–9–22, supra, does not authorize suits against the State Highway Commission.

Finally, respondent argues that Summerford v. Board of Com'rs, 35 N.M. 374, 298 P. 410, requires a liberal construction of § 22–9–22, supra, and would imply consent by the legislature to sue the state in inverse condemnation if recovery cannot be had against the Board of County Commissioners. The question of the county's liability is not an issue in this proceeding, and we express no opinion respecting it.

However, as we pointed out in Dougherty v. Vidal, supra, and reaffirmed in State ex rel. Highway Comm. v. Town of Grants, 69 N.M. 145, 364 P.2d 853, we

are committed to the rule of strict construction of statutes claimed to authorize suits against the state. We perceive no reason to recede from that position. It is implicit in both Dougherty and Town of Grants that the State Highway Commission is only an arm or agency of the state, and that a suit by or against the commission is one by or against the state itself.

It follows that the alternative writ of prohibition should be made permanent and the respondent prohibited from proceeding further against the State Highway Commission of New Mexico, in cause number 15834 on the docket of Grant County, New Mexico. It is so ordered.

MOISE and COMPTON, JJ., concur.