# City of Graymont, *et al. v.* Stott.

*Bill to Enjoin the Issuance and Sale of City Bonds.*

(Decided May 20, 1909.   49 South. 683.)

*Municipal Corporations; Bond Election; Time Held.*—Where in July, 1908, a city held an election for the purpose of voting an issue of bonds for school purposes, and for construction of sewerage, and in February, 1909, held an election for a bond issue for school purposes, and for the extension of sewerage, the latter election was void under the provisions of section 1421, Code 1907; the intent of the statute being that no election for bond issue shall be held within two years after an election for bond issue for the same general purposes.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by W. T. Stott, as a citizen and tax payer against the city of Graymont and others to declare an election void, and to enjoin the issuance and sale of certain bonds authorized by such election, upon the ground that the two elections were for the same general purpose and that the last election was held within two years of the former election.   From a judgment for complainant respondents appeal.   Affirmed.

EDWARD T. WRIGHT, for appellant.   Counsel cites the section of the Code applicable to the question, and insists that the last election was not for the same purposes as the preceding election, and that it is regular in all other respects, and hence, complainant is without remedy.

S. D. & J. B. WEAKLEY, for appellee.   The election was void and conferred no authority.—Sec. 1421, Code 1907; *State ex rel. Ward v. Martin,* in MSS.

[City of Graymont, et al. v. Stott.]

ANDERSON, J.—The respondent, the municipality, derived its authority to hold elections for certain purposes under and by virtue of section 1421 of the Code of 1907. Said section also prevents the holding of an election for the issuance of bonds for the same purpose oftener than once in two years, except when the buildings, etc., have been destroyed. · The bonds voted for at the election in July, 1908, were to be used for the purpose of "acquiring sites and building schoolhouses thereon, and equipping same," and for the further purpose of "constructing sanitary sewers in and for said city." The bonds voted for at the second election in February, 1909, were to be issued for the same purposes; that is, for school and sanitary sewerage purposes.

The only variation in the description of the two sets to be voted for was sewerage "extension" in the second and sewerage "construction" in the first, and we think that the "extension" necessarily includes "construction." The manifest meaning and intent of this law is to authorize elections for bond issues but once during any two years for the same general purpose. If the first bonds were for school purposes, it matters not that the next bond issue was for the construction of separate and distinct school buildings, as they are all embraced in and are to be used for school purposes. The same may be said as to the sewerage bonds, as both issues were for sewerage purposes, whether to be used in constructing or extending the sewerage system.

There being nothing to indicate that the first election was void, the second one, having been held within less than two years after the first one and for the same general purpose, was therefore invalid. The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.