(123 N. W. 285.)

---

C. B. HUGHES, H. C. LANDER, WM. JONES AND F. C. ROWATT V. JOSEPH HORSKY, W. A. HAMILTON, ALBERT LOWE, ED. CHRISTENSON, AND J. A. McDERMAID, AS BOARD OF COUNTY COMMISSIONERS OF PIERCE CO., NORTH DAK., AND THE COUNTY OF PIERCE, NORTH DAKOTA, A MUNICIPAL CORPORATION.

Opinion filed October 18, 1909.

**Counties — Bond Issue — Sufficiency of Notice of Election.**

1. Under a statute providing for an election on the question of issuing bonds for a courthouse or jail, or both, requiring the notice of such election to state its object, the amount of bonds to be issued, the denominations of such bonds, the length of time for which they shall run, and the rate of interest which they shall bear, an election held under a notice which failed to state the denomintaions of the bonds proposed to be issued, and the rate of interest which they were to bear, is invalid, and it is therefore illegal for the county officials to issue the bonds so voted.

**Same — Separate Questions.**

2. Under a statute providing for the issuance of bonds for county buildings providing for the submission of the question of the issuance of bonds for a courthouse, or jail, or both, *held*, that when the erection of a courthouse and jail in one building is contemplated, and the notice so indicates, the question of issuing bonds may be submitted and voted upon as one question; but that when two separate buildings are planned, two questions are presented, and although they may be submitted in the same notice, it must be so done that each voter may vote for or against each proposition independently of the other.

Appeal from District Court, Pierce county; *Goss, J.*

Action by C. B. Hughes and others against Joseph Horsky and others, as Commisisoners of Pierce county, and Pierce county. Judgment for defendants, and plaintiffs appeal.

Reversed.

*L. N. Torson,* for appellants.   *A. M. Christianson* and *B. L. Shuman,* for respondents.

SPALDING, J.   This is an appeal from a judgmnet against the plaintiffs and appellants, denying their demand that the county commissioners of Pierce county be restrained from issuing and negotiating certain bonds voted to be issued by said county at the November, 1908, general election, for the purpose of building a courthouse and jail in Pierce county. The first contention of appellants is that there was no sufficient notice given of the election held for the purpose of voting for or against the issuance of bonds for such purpose. Section 2565 of the Revised Codes of 1905, providing for elections on the issuance of bonds for county buildings requires: "Such election shall be held in the manner and upon the notice prescribed by law for other elections, but the published and posted notices of such election shall state its object, the amount of bonds to be issued, the denominations of such bonds and length of time for which they shall run and the rate of interest which they shall bear." In the case at bar the notice of election on bonds was included in the notice of general election held on the 3rd day of November, 1908, and so much of such notice of election as relates to the bond issue reads as follows: "Also to vote on the question of bonding the county of Pierce for $75,000 for a term of twenty years for the erection of a new courthouse and jail." No extended discussion regarding the adequacy of this notice is necessary. We have just held, in the case of Stern v. City of Fargo, that a notice which did not definitely state the amount of the bonds proposed for issuance was inadequate. The same reasons there suggested for so holding are equally applicable in the case at bar. This notice was faulty in not stating the denominations of the bonds or the rate of interest which they were to bear, and this defect rendered the election invalid. See Stern v. City of Fargo, 18 N. D. 289, 122 N. W. 403, and authorities there cited, all of which are applicable herein.

But for the fact that another election on the same subject may be held, it would be unnecessary to refer to the remaining contention of appellants, which is that the voters were, by the terms of the notice, compelled to vote either for issuing bonds for both a courthouse and jail, or against issuing bonds for either. In the Fargo case we held, under the facts and law applicable to that proceeding, that the submission of the question of issuing bonds for part of a waterworks system, and an electric light plant, were two purposes, not naturally or necessarily connected, and that therefore they could not be submitted in such manner that the voter must vote for or against both propositions. After careful consideration we are satisfied that the questions are not identical. The statute applicable to the issuance of bonds for county buildings is materially different, and we think contemplates the submission of the vote for or against bonds for a courthouse or jail together, provided the notice states that they are included in the same building. It reads:

"Sec. 2563. Whenever any county in this state, having three hundred voters or more, shall have been organized for four years or more, and the county seat of such county has been permanently located as provided by law and the buildings occupied by such county for courthouse, office or jail purposes are inadequate to the wants thereof, or unsafe by reason of extraordinary risk of fire or otherwise, such county may issue bonds for the purpose of purchasing a site for and erecting a courthouse or jail, or both, under the restrictions and according to the provisions of this subdivision of this article.

"Whenever in the judgment of a majority of the board of county commissioners in any county which comes under the provisions of this subdivision such county has insufficient or inadequate buildings for its use for courthouse or jail, or both, such board may order an election for the purpose of determining by a vote of the electors of such county the question of issuing its bonds for the purpose of erection of a courthouse or jail, or both, at such county seat, if none is provided.     *     *     *"

Other portions of the statute relating to bonds for county buildings harmonize with our construction. The county of Pierce is destitute of both courthouse and jail. They are necessary means for the administration of justice and the enforcement of criminal laws of the state and in many ways serve a common purpose. It is the duty of the county to provide a suitable jail and a suitable place

for holding court and for offices for the county officials. A jail without a place for the trial of criminals would be of slight use, and vice versa. Furthermore the Legislature, in enacting the provisions of the Code quoted, must have been aware of and must have taken into consideration the custom which has long prevailed in this state, though less frequently followed now than in earlier times. We think that not less than one-half the counties in the state have provided a jail within the county courthouse. We are therefore of the opinion that the question of issuing bonds for the erection of a combined courthouse and jail may be properly submitted to be voted upon as one proposition. However, where the plan is to construct separate buildings for each purpose, although the statutory provisions might possibly bear the same construction, we think, for the reasons given in the Fargo case, that the questions of bonds for a courthouse and bonds for a jail should be separately submitted. They may be included in the same notice, but should be separately stated and so arranged on the ballot that each may be voted on independently of the other. This construction will protect each voter in all his rights, and harmonizes with the reasons applied in the best-considered cases, and will not be an attempted delegation of power by the voters to the county commissioners.

The judgment of the district court is reversed, and it is directed to enter a decree in accordance with the prayer of the complaint. All concur.

MORGAN, C. J. not participating on account of illness.