[No. 3439. Sept. 24, 1929.]

DICKINSON v. BOARD OF COM'RS. OF
DE BACA COUNTY

W. R. McGill, of La Lande, for appellant.

K. W. Edwards, of Ft. Sumner, and J. C. Compton, of
Portales, for appellee.

## OPINION OF THE COURT

CATRON, J. This is an action to enjoin the board of
county commissioners of De Baca county, N. M., from
issuing or selling courthouse and jail bonds of said county
in the sum of $37,500 and to have the election held upon
said bond issue declared null and void. From a judgment
for the defendant, plaintiff has appealed.

The facts material to a determination of this case are:
On the 10th day of January, 1929, a petition was present-
ed to, and filed with, the board of county commissioners
of De Baca county as follows:

"PETITION

"To the Board of County Commissioners of De Baca County:

"The undersigned qualified electors of De Baca County, New
Mexico, who paid a property tax therein during the preceding
year do hereby ask that a vote be taken on the proposition of
building a court house and jail at the County seat of said County

by means of an issue of the bonds of the County of De Baca in such denominations, rate of interest, maturity and place of payment as shall be in accordance with Sections 1156 to 1171 of the New Mexico Code for 1915, to the amount of Thirty Thousand dollars for court house purposes and to the amount of Seven Thousand Five Hundred dollars for jail purposes.

"We further petition your Honorable Body to acquire title to Block 34, of the Depot Addition to Sunnyside, now Fort Sumner, and to designate said block or a sufficient amount thereof as the site for said Court House.

"Wherefore, We respectively (respectfully) pray that an election be called by your Honorable Body as by the States (Statutes) and Constitution made and provided."

On the same date said board of county commissioners took action upon said petition, and resolved that an election be called as asked in said petition. The material portions of said proceedings are:

"A petition was presented by J. P. McRee and two hundred twenty-seven (227) others, all qualified voters, all qualified voters of De Baca County, and being property tax payers herein, asking this Board to call a Special Bond Election in De Baca County, New Mexico, for the purpose of voting on the following question:

"Shall De Baca County, New Mexico, vote its bonds in the total sum of $30,000.00 for the purpose of building a court house, and shall vote its bonds in the total sum of $7,500.00 for the purpose of building a jail in and for said county? Said bonds to be issued for the purpose only of building a court house and jail in and for said county."

"Whereas, Petition for the calling of an election to vote on the issuance of bonds for court house and jail purposes in the County of De Baca, New Mexico, has been presented and found to be in accordance with law.

"Now, therefore, It is Resolved that an election for said purposes shall be held in De Baca County, New Mexico, on the 5th day of February, 1929."

"It was further ordered by the Board of County Commissioners that a special election be called, to be held within thirty days from this date in such County of De Baca, New Mexico, and that notice of such election be given by publication for at least three consecutive weeks in a legal newspaper published in De Baca County, New Mexico, and that said notice should set forth the time and place of holding such election, and that said notice should state that the bonds proposed to be voted should be used for the purpose of building a court house in the amount of $30,-000.00 and the building of a jail in the amount of $7,500.00.

## "ELECTION PROCLAMATION

"Notice is hereby given that on the 5th day of February, 1929, there will be held in De Baca County, New Mexico, an election

for the purpose of determining whether said De Baca County, New Mexico, shall become indebted in the total sum of Thirty Thousand ($30,000.00) Dollars for a court house, and become indebted in the total sum of Seven Thousand Five Hundred ($7,-500.00) Dollars for a jail; said court house and jail to be erected on Block thirty-four (34), Depot Addition to Sunnyside, in the town of Fort Sumner, De Baca County, New Mexico.

"Notice is further given that the ballots used in said election will be substantially in the following form:

"For Court House and Jail Bonds _____ ☐

"Against Court House and Jail Bonds _____ ☐"

That the election upon said bond issue was held on the 5th day of February, 1929, and upon the 9th day of the same month proceedings were had by the board of county commissioners of said county, the material portion of which is:

"Be it remembered, That the Board of County Commissioners of the County of De Baca, State of New Mexico, convened in Special Session, at the office of the County Clerk of said county, at Fort Sumner, New Mexico, on this 9th day of February, 1929, as a Board of Canvassers, to canvass the returns of the election held within the said county on the 5th day of February, 1929, for the purpose of submitting to the qualified electors of said county who paid a property tax therein during the preceding year, the question of whether the county should become indebted in the sum of Thirty-seven Thousand Five Hundred Dollars, for the purpose of building a court house and jail and issue its bonds in said amount, which said election was held on the 5th day of February, 1929, within said county and state, and within six days prior to this 9th day of February, 1929."

Upon completion of the canvass, the board found and certified that 459 ballots had been cast for courthouse and jail bonds and 119 against courthouse and jail bonds.

By the pleadings it is admitted that the defendant will issue and sell courthouse and jail bonds in the sum of $37,500, unless enjoined and restrained by the court.

During the trial considerable evidence was offered by defendant and admitted over the objection of plaintiff to the effect that it was the intent of the persons who signed the petition and of the board of county commissioners that the courthouse and jail were to be housed in one building, and that the bond issues of $30,000 for courthouse and $7,500 for jail were to be submitted to the

electors as one question and not as separate propositions. Also that it was generally understood in the county of De Baca prior to and at the time of the election that but one building was to be built in which to house both the court-house and the jail.

Appellant here presents three points for our consideration. It is, however, only necessary for us to consider one of the points in deciding and disposing of this appeal; that is,

"The election. was void because two separate and distinct bond issues were submitted as one whole."

The constitutional provision pertinent to the case is:

"No county shall borrow money except for the purpose of erecting necessary public buildings or constructing or repairing public roads and bridges, and in such cases only after the proposition to create such debt shall have been submitted to the qualified electors of the county who paid a property tax therein during the preceding year and approved by a majority of those voting thereon. No bonds issued for. such purpose shall run for more than fifty. years."

Art. 9, § 10, N. M. Constitution.

The petition to the board of county commissioners, the proceedings taken by said board, and the holding of the election were under the authority contained in sections 1156 et seq. of the New Mexico 1915 Codification, section 1159 whereof being as follows:

"Whenever a petition signed by not less than two hundred qualified electors of any county in this State shall be presented to the board of county commissioners, asking that a vote be taken on the question or proposition of building a court house, or jail, or a bridge, setting forth in general terms the object of such petition and the amount of bonds asked to be voted for, it shall be the duty of the board of county commissioners of such county to which said petition may be presented, within ten days after the presentation, to call an election to be held within thirty days thereafter in such county, and shall give notice of such election by publication for at least three consecutive weeks in any newspaper published in such county, which notices shall set forth the time and place of holding such election, the court house, jail or bridge proposed to be built, and which bonds are to be voted for: Provided, That after the defeat of any proposition one voted for, a second special election, upon any question or proposition under the provisions of this article, shall not be held for a term of two years after such defeat."

Appellant has throughout this case contended that the submission of two separate questions were called for by the petition, the resolution of the board of county commissioners, and the election proclamation, to wit: The questions of whether or not De Baca county should sell its bonds in the sum of $30,000 for the purpose of building a courthouse and should sell its bonds in the sum of $7,500 for the purpose of building a jail, but that only one question had been submitted to the electors covering both questions in the following form:

For Court House and Jail Bonds _____☐

Against Court House and Jail Bonds _____☐

—thereby compelling each voter to either cast his vote in favor of both propositions or against both propositions, and depriving him of the privilege of voting in favor of one of the propositions and against the other as he might elect. That as a result of the foregoing the election was null and void.

Appellee, on the other hand, contends that a courthouse and jail are so closely connected, and the one so indispensable to the other, that they constitute a whole, and that a bond issue for courthouse and jail may be submitted to the electors as a whole and not separately; that such was the intent of the petitioners and the board of county commissioners; and that it was generally understood that the courthouse and jail were to be built in one building.

Considering the evidence as to the intent in connection with the petition, the board's proceedings, and the form of ballot, the learned trial judge reached the conclusion that but one proposition was in contemplation from the beginning: To erect a $37,500 building for courthouse and jail purposes.

We cannot admit, however, that the extrinsic evidence was proper. What the petitioners intended must be determined from what they subscribed. What the board intended must be determined from the record it made.

The trial judge, however, in his opinion stated:

"Plaintiff contends in this action that the recent bond election in De Baca County authorizing the issuance of bonds for the purpose of building a court house and jail was submitted to the voters as a single proposition, and, in fact, there were two separate propositions and they should have been submitted to the voters separately. If the Plaintiff's contention is correct that they are two entirely separate and distinct propositions, there is no question but that they should have been submitted separately, as was held by our Supreme Court in the case of Lanigan v. Gallup, 17 N. M. 627, 131 P. 997. The authorities are all in accord on this proposition.

"In addition to the New Mexico decision, the cases which have been called to my attention are: Blaine v. Hamilton, 64 Wash. 353, 116 P. 1076, 35 L. R. A. (N. S.) 577; Dole v. City of Aberdeen, 131 Wash. 516, 230 P. 401; Stern v. Fargo, 18 N. D. 289, 122 N. W. 403, 26 L. R. A. (N. S.) 665; Hughes v. Horskey, 18 N. D. 474, 122 N. W. 799."

In the view so announced, we fully concur.

It therefore becomes material to determine, from the petition and proceedings had thereon, whether the bond issues in question presented two separate propositions which required their submission to the voters separately or constituted but one proposition which could be submitted as was done in the present case.

It is our opinion that article 9 of our Constitution and section 1159 of the 1915 Codification are sufficiently broad to permit the submission of bond issues for a courthouse and jail either jointly, as one question, or separately. But the county commissioners are not the persons empowered by law to select the method; that is one of the functions of the petition, and it lies with those who prepare and sign it to choose by the language they employ whether they are requesting the submission of a joint or two separate propositions.

Section 1159 provides that a petition signed by not less than 200 qualified electors, setting forth the general terms and objects of such petition and the amount of bonds to be voted for, and asking that a vote be taken on the question or proposition of building a courthouse, or jail, or bridge, shall be presented to the board of county commissioners; that thereupon it shall be the duty of the board of county commissioners, within 10 days after the pre-

sentation of said petition, to call an election to be held within 30 days thereafter and give notice of such election by publication, which shall set forth the time and place of holding such election, the courthouse, or jail, or bridge proposed to be built, and which bonds are to be voted for.

The petition is a prerequisite to the holding of the election. The act does not provide that the board of county commissioners may of its own motion call an election, but limits its action to a call of the election upon the filing of the petition and to the submission at such election of the questions asked in said petition to be submitted. The petition must designate for what purpose the election is to be called and what question or questions are to be submitted and the amount of bonds to be voted for. Without said petition, the board of county commissioners has no authority to act in the premises.

In light of the foregoing, let us examine the petition. It clearly asks that a courthouse and jail be built by means of an issue of bonds to the amount of $30,000 for courthouse purposes and to the amount of $7,500 for jail purposes. This certainly presents two separate questions, one whether bonds shall be issued in the sum of $30,000 for courthouse purposes, the other whether $7,500 shall be issued for jail purposes. It might well be said that the petitioners contemplated the erection of but one building to house both the courthouse and the jail in event that the two propositions should carry at the election, but this could not change the questions which the petition sought to have presented to the electors.

When we look further and see how the petition was construed and treated by the board of county commissioners after its presentation, we find that throughout said proceedings the two bond issues were treated and considered as two separate questions. It so repeatedly appears in the recitals contained in the minutes of the board of county commissioners.

The election proclamation unequivocally recites that an election will be held for the purpose of determining whether De Baca county shall become indebted in a total sum of $30,000 for a courthouse and become indebted in a

total sum of $7,500 for a jail. The ballots, however, submitted the two questions as but one in the following language:

For Court Court and Jail Bonds ........................................ ☐
Against Court House and Jail Bonds ........................ ☐

It conclusively appears that the two separate questions sought to be submitted to the voters were in reality submitted as a single question, and thereby deprived the voter of the right to vote for or against either one of said questions, and forced him, in event he favored either of said questions, to vote for both in order to express his wish as to the one.

It is our opinion that no valid election has been held upon the questions sought to be submitted by the petition and submitted by the board of county commissioners as expressed in its minutes and in the proclamation of election issued by it.

The judgment of the trial court must be reversed, and the cause remanded, with direction to set aside the judgment and enter a judgment as prayed for in plaintiff's complaint, and it is so ordered.

BICKLEY, C. J., and WATSON, PARKER, and SIMMS, JJ., concur.