10 P.(2d) 590

**WHITE et al. (ANTLE, Intervener) v. CURRY COUNTY BOARD OF EDUCATION et al.**

**No. 3722.**

Supreme Court of New Mexico.

March 24, 1932.

Rehearing Denied May 2, 1932.

Hockenhull & Mayes, of Clovis, for appellants.

Carl A. Hatch, Perkins L. Patton, and Everett M. Grantham, all of Clovis, for appellees.

WATSON, J.

E. E. White et al., as taxpayers, sued the board of county commissioners of Curry county and the Curry county board of education and others, to enjoin the issuance of $40,000 of bonds which had been voted for the purpose of erecting a schoolhouse in school district No. 61. C. S. Antle sought to intervene. From an order denying the intervention and a judgment dismissing the com-

plaint, separate appeals have been taken and are here presented as one cause.

The trial court excluded evidence offered by plaintiffs to prove allegations that the proposition in the petition as circulated and signed was to issue $42,000 of bonds to build and furnish a schoolhouse, and that before presentation to the board the words "and furnish" had been stricken; and that the proposition in the resolution of the board 'as originally passed and entered was to issue $42,000 of bonds, but that by an alteration of the record, made by the clerk, on advice of the district attorney, and without any further action of the board, the amount of bonds was changed to $40,000.

We think the ruling must be sustained. The School Code under which these proceedings were attempted, provides, in substance, that attacks upon "the validity of the petition asking for the election or the resolution approving said petition, or both, * * * " may be made at "any time prior to five days preceding the day set for an election, but not afterwards. * * * " 1929 Comp. § 120-711.

We consider this section a statute of limitations. The bond sections of the School Code (Comp. St. 1929, § 120-701 et seq.) disclose a purpose to have the validity of the proceedings settled before bonds shall be issued, and disclose also the necessity of prompt action at every stage to meet the time limits set. Fisherdick v. San Juan County Board of Education, 30 N. M. 454, 236 P. 743. This section (120-711) gives taxpayers not less than twenty-five days after the adoption of the resolution, and not less than ten days after its publication, within which to launch their attack. While this section is couched in different language than section 120-712, limiting suits after the election, we think the two sections are of the same nature and have like effect. The latter section is quite similar to 1929 Comp. St. § 90-1214, which we recently held to be a statute of limitations, remarking that: "Short periods of limitations on the right to attack proceedings such as these are present almost invariably in legislation of this kind." Oliver v. Board of Trustees, 35 N. M. 477, 1 P.(2d) 116, 118.

The present attack, if launched in time, would perhaps have been fatal. Dickinson v. Board of Commissioners, 34 N. M. 337, 281 P. 33. But we see no reason for holding that the Legislature could not limit the action as it has. It was within its power to have omitted the petition entirely. Williams v. Van Pelt, 35 N. M. 286, 295 P. 418. See, also, Riverside Park Association v. City of Hutchinson, 102 Kan. 488, 171 P. 2. Elliott v. Tillamook County, 86 Or. 427, 168 P. 77, cited by appellants, we think not in point.

We are not impressed with the distinction which appellants seek to make between a petition or a resolution merely insufficient or invalid, and one so insufficient as to be no petition or no resolution at all. There were in this case both a petition and a resolution, and appellants seek to attack them as invalid.

■ Appellants also alleged, and the trial court refused to permit them to prove, a failure to comply with 1929 Comp. St. §§ 33-3801, 33-3802, which provide, in substance, that any school district contemplating the issuance of bonds shall, before initiating any proceedings, notify the state tax commission, whose duty it shall be to furnish the district authorities all necessary information as to valuation, present indebtedness, and limitations of tax rates and debt contracting power.

We do not find in these provisions anything essential to the validity of the proceedings, or that an entire failure to comply with them would in itself be cause to enjoin the bond issue.

■ Appellants also alleged, and the trial court refused to permit them to prove, a failure to comply with Laws 1931, c. 119, § 1 (o). This section amended 1929, Comp. St. § 120-105, and, in substance, requires that it shall be the duty of the state board of education to approve or disapprove any proposed bond issue, and that no such issue shall be valid without such approval in writing, and that such written approval shall be made a part of the transcript of the proceedings.

It would no doubt be wise to obtain such approval before going to the expense of holding an election. But the statute does not so require. We know of no reason why, if the approval has not yet been obtained, it may not still be obtained and included in the transcript. Hence, at the time of suit, the failure

presented no legal reason for enjoining the proposed issue.

The complaint alleges the invalidity of certain proceedings by which it was attempted and intended to consolidate two school districts in Quay county with district 61 of Curry county. Could this have been shown, its consequences would have been serious. Without including the Quay county territory, the assessed valuation would not have been sufficient to support the issue, and some 40 votes at the election would have been illegal. The trial court refused to permit this tendered proof on the ground that it constituted a collateral attack upon the corporate existence of a de facto municipal corporation.

■ We are spared the necessity of considering whether this assigned reason for the ruling is sound. Laws 1931, c. 45, validates "all school districts now formed which shall have exercised undisputed, the prerogatives, and shall have enjoyed the privileges of a legally formed district for a period of six months next preceding the passing and approval of this Act."

Appellants urge that this act does not apply to consolidated school districts. It applies in terms to "all school districts." We see no reason for limiting it by construction so as to exclude districts formed by the consolidation method.

Appellants also urge that "all school districts now formed" does not mean "districts

formed contrary to law," and which "never had any lawful right to existence, as it claimed to exist, and as it held itself out to the public." The purpose of validating statutes is to give legality to what would otherwise be illegal. To give legality to what was already legal would be farcical. It plainly appears from the record that consolidated district 61 has been in de facto existence for several years. Hence the invalidating statute gave it a de jure status.

We find nothing in the statute to sustain appellant's contention that a separate election should have been held in the Quay county part of the district, or that "Quay County" should have been printed on the ballot. On the contrary, but one election is contemplated. It is to be held "in said district." 1929 Comp. St. § 120-703. And, "The county which had the largest average daily attendance within the territory consolidated shall govern said consolidated districts as though it were wholly within its own territory. * * *" 1929 Comp. St. § 120-808.

It is claimed that the undisputed evidence shows an assessed valuation insufficient to support the proposed bonds. We do not so understand the record.

We find nothing in the petition of intervention requiring separate treatment.

The order and the judgment should be affirmed, and the cause remanded. It is so ordered.

BICKLEY, C. J., and PARKER, SADLER, and HUDSPETH, JJ., concur.