**41 P.(2d) 277**

### GRIGGS et al. v. BOARD OF COUNTY COM'RS OF COLFAX COUNTY et al.

No. 4018.

Supreme Court of New Mexico.

Jan. 28, 1935.

Fred C. Stringfellow, F. S. Merriau, and Fred J. Voorhees, all of Raton, for appellants.

John Morrow, Sr., and V. A. Doggett, both of Raton, for appellees.

WATSON, Justice.

We have here for review a final judgment which holds the defendant, the board of county commissioners of Colfax county, in default for failure to answer the complaint within the time ordered or at all, takes the allegations thereof as confessed, and adjudges that a petition praying the defendant board to call a school district bond election, and defendant's resolution calling such an election "and each of them, and any and all proceedings thereunder, be, and each of them hereby are, adjudged and decreed to be illegal, invalid, and wholly void * * * (and) * * * that the plaintiffs recover their costs." ·

There are numerous plaintiffs, who allege themselves to be "residents and duly qualified electors of purported school district No. 39."

The sole ground put forward for the invalidity of the petition and resolution is that district 39 "was not * * * a validly created and existing school district." To support that conclusion, it is alleged that said district is an attempted consolidation with a district of Union county made March 24, 1934, and that its "east side or boundary line * * * was made longer than twenty-five miles, and no order of the county board of education prior to said dates or at any other time has been made to the effect that it deemed the same necessary and convenient * * * that the east and west sides or boundaries * * * are greater in length than twice the length of the shortest side or boundary line." Cf. Comp. St. 1929, § 120-806.

Upon the filing of the complaint, May 19, 1934, the court made an order "that the defendant * * * be * * * required to appear and answer herein not later than the 25th day of May, 1934 * * * and * * * that * * * the 28th day of May 1934 * * * be * * * fixed as the time * * * when * * * a hearing upon this complaint and the trial of the issues which may be raised and joined by such answer and any other pleadings in said cause, shall be had or held."

On May 24th a demurrer was filed. On May 26th plaintiffs moved to strike it as unauthorized by statute, as in violation of the court's order of May 19th, and as filed without leave. They also moved for judgment by default.

At the hearing, May 28th, defendant stated that the demurrer was not filed for delay, but to test the "legality of the case," and that if it should be overruled, defendant was ready

to answer instanter and to proceed with the hearing. Then followed this ruling:

"The demurrer will be overruled, and the request to file an answer will be denied. The Court is of the opinion that this is a special proceeding, and the only pleading that should have been filed at the time required by the order of the Court, made by Judge Livingston N. Taylor, was an answer, and the record does not show that an answer was filed within that time; consequently, the defendants are deemed to be in default, and the motion for judgment by default is sustained. The demurrer is overruled for the reason that the only pleading that should have been filed is an answer."

Answering inquiries by counsel, the court made it plain that he did "not consider the demurrer for any purpose," and that his ruling and judgment were on the theory that the case was a special proceeding, and that the statute did not, as the court's order did not, authorize or countenance a demurrer.

While Judge Taylor made the order of May 19th, Judge Armijo sat at the hearing and rendered the judgment.

If this is a special proceeding, it is such by virtue of a section of the school code having to do with bond elections. "Any time prior to five days preceding the day set for an election, but not afterwards, any person or corporation may attack the validity of the petition asking for the election or the resolution approving said petition, or both, by action in the district court of the county of the district affected and the court shall have power to require appearance and answer therein in such time as it shall elect. All such cases shall take precedence over all other court business." Section 120-711, Comp. St. 1929.

Assuming for the moment that this contemplates and authorizes a special proceeding, we still cannot justify the refusal to entertain the demurrer. It surely does not mean that questions of law cannot be raised. The word "answer" must be held broad enough in this connection to embrace legal defenses. Even if the section were to be held to limit the defense to a single pleading, it would do no more than require the pleader to offer simultaneously his defenses of law and of fact. We have thus construed our statute of mandamus which limits the pleadings to "writ and answer." Comp. St. 1929, § 86-110. State ex rel. Garcia v. Board of County Commissioners, 21 N. M. 632, 157 P. 656; State ex rel. Bank v. Montoya, 22 N. M. 215, 160 P. 359; State ex rel. Burg v. City of Albuquerque, 31 N. M. 576, 249 P. 242, 247. In the case last mentioned, we held that "the trial court should treat legal exceptions to a writ of mandamus (which, under the statute, must be made by answer) as a demurrer would be treated in ordinary actions." Such is our construction of the election contest statute where the pleadings are limited to "notice, answer and reply." Comp. St. 1929, § 41-609. Rogers v. Scott, 35 N. M. 446, 300 P. 441.

■ Since appellant had a right to offer defenses of law, it did not lose it by the mere informality of entitling its defense, "demurrer" instead of "answer," and it was error to

enter final judgment without considering the legal defenses.

Let us see, however, if this is really a special proceeding, in which the defendant can "answer" only. Appellant contends that it is not; that the statutory provision creates no new cause or form of action; that it merely limits the time within which any theretofore available mode of "attack" on the validity of the petition or resolution may be launched; and reminds us that on the single former occasion when we considered this section, we were so impressed. White v. Curry County Board of Education, 36 N. M. 177, 10 P.(2d) 590.

That this section is one of limitation is not necessarily conclusive of the question now before us. It does suggest inquiry as to what it limits. Does it estop the world from questioning the validity of the petition or of the resolution in any and all judicial proceedings? Or does it merely limit the time within which a newly created special proceeding may be instituted, leaving unlimited the ordinary and previously known modes of "attack"? If "attack" is to be construed as some proceeding formerly unknown, it may well be argued that the time limit applies only to this new proceeding. It may also be argued that the new proceeding and its limitation go only to the legal sufficiency of the petition and resolution or to some fraud in connection with them, and do not go to the very existence of the district, which, after all, is the sole ground of attack in this case.

The case presented and defended by appellees is unusual. It has as parties plaintiff men who profess no interest in the result, no prospective loss or injury if the bonds be issued, and no qualification as suitors except a claimed statutory authority to "any person or corporation." They ask the court to hold the school district a nonentity, in order to arrive at the conclusion that the petition and resolution are void. Thus only do they bring the case within the language of the statute. Yet the district itself is not made a party defendant. They ask a declaration of invalidity of petition and resolution, but do not ask that the named election judges be restrained from holding the election or from declaring the result, nor that the county board of education be restrained from issuing the bonds. They have obtained by indirection and in a suit to which the corporate authority is not a party, a judicial holding that the consolidated district is nonexistent, but the court has not reinstated the former district boards, nor ousted the present control.

Admitting that such a proceeding was formerly unknown to our law, appellees attempt to support it as contemplated and authorized by the quoted section of the school code.

We may suggest at the beginning that if this is a special proceeding, this appeal should not have been allowed and should now be dismissed for want of jurisdiction. We should not affirm the judgment as appellees pray. We seek in vain for any legislative grant of the right of appeal. Cf. State v. Rosenwald Bros., 23 N. M. 578, 170 P. 42; Jordan v. Jordan, 29 N. M. 95, 218 P. 1035; Los Alamos Ranch School v. State, 35 N. M. 122, 290 P. 1019.

■ The section does indeed say that "any person or corporation may attack the validity of the petition." It is difficult to believe, however, that this invites any and every meddlesome person in the world thus to interrupt this important public business. The language must be construed. We may be quite sure that it does not apply to infants or to idiots. The intent does not strongly appear to enlarge the class of those who, having legitimate ends to accomplish or rights to protect, without this statute would have been qualified to seek the aid of the courts.

The section gives precedence to this "action" over other court business, and empowers the court, by special order, to vary the usual time for "appearance and answer." This is consistent with and in furtherance of the necessity for speedy action which the statute elsewhere discloses and which we have more than once noted. Fisherdick v. San Juan County Board of Education, 30 N. M. 456, 236 P. 743; White v. Curry County Board of Education, supra. It does not argue strongly that the proceeding is special. Cf. State ex rel. Besse v. District Court, 31 N. M. 82, 239 P. 452.

It is argued that the "attack" authorized by the section must be some new and special proceeding, because at that stage no person could show any threatened injury and no civil action would lie. Even if the premise were sound, of which we are not at all sure, the conclusion does not necessarily follow. Considering the whole section, we do not concur in it.

It is argued as if this were a validating proceeding, such as that contemplated in the irrigation district statute (Comp. St. 1929, § 73-249 et seq.), and as if the Legislature had disclosed a studied purpose to have a judicial inquiry and declaration before the election as to the validity of the earlier proceedings. We think the section discloses rather a purpose to foreclose such inquiry; to frown upon, not to encourage, the "attack"; to permit no one, after the election and when the petition and resolution have served their purpose and become functus officio, to go back of the election disclosing the people's will, and defeat it by attacking the validity of the earlier proceedings.

■■ We shall not further pursue the able arguments of counsel. We are unable to ascribe to the Legislature an intention to authorize some new mode of attack upon bond proceedings by "any person or corporation," against some person or entity not indicated, to obtain an unreviewable declaratory judgment of invalidity. We deem the section merely a loosely drafted statute of limitation.

The judgment will be reversed and the cause remanded with a direction to dismiss the complaint as not setting forth a cause of action.

It is so ordered.

HUDSPETH, BICKLEY, and ZINN, JJ., concur.

SADLER, C. J., did not participate.