86 P.2d 277

**BOARD OF EDUCATION OF SCHOOL DIST. NO. 5 IN SAN JUAN COUNTY et al. v. PATTON, Atty. Gen.**

No. 4430.

Supreme Court of New Mexico.

Dec. 31, 1938.

Richard E. Manson, Asst. Atty. Gen., for appellant.

G. W. R. Hoy, of Farmington, and Geo. F. Bruington, of Aztec, for appellees.

HUDSPETH, Chief Justice.

The Attorney General refused to approve a school bond issue. The Board of Education brought this suit under our declaratory judgment statute, Ch. 143, L. 1935. Judgment went for plaintiffs on the pleadings and the Attorney General appeals.

Appellant states: "The sole question presented on this appeal is the effect of Section 120-702, New Mexico Statutes Annotated, 1929 Compilation, when more than one school bond election has been held in a period of two years. The procedure for initiating a school bond issue is set out in Article 7, Chapter 120, New Mexico Statutes Annotated, 1929 Compilation, of which the controversial section is a part. Generally, the statute provides for the form and maturity of the bonds, form and sufficiency of the petition to initiate the election, and for the notice and conduct of the election. The petition requesting the election was sufficient, proper notice was given, and the election regularly conducted according to the mandates of Article 7, Chapter 120, supra. However, the election held on May 24, 1938, and the election now in controversy, was held less than two years after another regular and valid election, the result of which school bonds of the district were issued and sold. This, appellant contends, was in direct contravention of the plain provisions of Section 120-702, supra, which rendered the election void. Section 120-702, supra, after listing the essentials of the petition requesting

·a school bond election, concludes in the following language: 'Two separate questions may be submitted in the petition for election and in the election, in which case the vote thereon shall be separately counted, canvassed and certified, but not more than one such election hereunder shall be held in any two consecutive years.' "

Appellant cites Norton v. Coos County, 113 Or. 618, 233 P. 864; City of Graymount v. Scott, 160 Ala. 570, 49 So. 683; State v. Ellison, 271 Mo. 123, 196 S.W. 751; 56 C.J., secs. 702, 706, pp. 585, 588, and other authorities. These decisions construe statutes of other states containing language of similar · import to the quoted portion of sec. 120-702, but without provisions similar to secs. 120-711 and 120-712, a part of the same act, which sections are:

"Any time prior to five days preceding the day set for an election, but not afterwards, any person or corporation may attack the validity of the petition asking for the election or the resolution approving said petition, or both, by action in the district court of the county of the district affected and the court shall have power to require appearance and answer therein in such time as it shall elect. All such cases shall take precedence over all other court business." ·

"Any person or corporation may institute in the district court of the county of the district affected an action or suit to contest the validity of all proceedings taken subsequent to those mentioned in the last preceding section, but no such suit or action shall be maintained unless the same be instituted within ten days after the publication of the certificate specified in section 709 (120-709) hereof."

In the case of C. E. Mann v. Board of Education of the City of Artesia et al., 43 N.M. 78, 85 P.2d 595, recently decided, we held: "But the enactment of this section [120-702] of the School Code in 1923 created no new right in school districts as respects the mere power to borrow money. * * * It is thus seen to be not a part of the right or power itself; but nothing more than a limitation upon the exercise of the power. * * *"

If it is not a part of the right or power it would seem to be not jurisdictional. In White v. Board of Education of Silver City, 42 N.M. 94, 75 P.2d 712, we said [page 716]: "In White v. Curry County Board of Education, 36 N.M. 177, 10 P.2d 590, 591, section 120-711 was construed as a statute of limitation barring an attack upon the petition for a defect otherwise likely fatal. Among other things, we said: 'We consider this section a statute of limitations. The bond sections of the School Code (Comp.St.1929, § 120-701 et seq.) disclose a purpose to have the validity of the proceedings settled before bonds shall be issued, and disclose also the necessity of prompt action at every stage to meet the time limits set. Fisherdick v. San Juan County Board of Education, 30 N.M. 454, 236 P. 743. This section (120-711) gives taxpayers not less than twenty-five days after the adoption of the resolution,

and not less than ten days after its publication, within which to launch their attack. While this section is couched in different language than section 120-712, limiting suits after the election, we think the two sections are of the same nature and have like effect. The latter section is quite similar to 1929 Comp.St. § 90-1214, which we recently held to be a statute of limitations, remarking that: 'Short periods of limitations on the right to attack proceedings such as these are present almost invariably in legislation of this kind.' Oliver v. Board of Trustees, 35 N.M. [477], 1 P. 2d 116, 118.

" 'The present attack, if launched in time, would perhaps have been fatal. Dickinson v. Board of Commissioners, 34 N.M. 337, 281 P. 33. But we see no reason for holding that the Legislature could not limit the action as it has.'

"See, also, to same effect, Griggs v. Board of Com'rs of Colfax County, 39 N.M. 102, 41 P.2d 277. * * *

"We conclude the plaintiff is foreclosed by limitations from questioning validity of the proposed bond issue upon the ground that petition, notice, and ballot submit a double proposal. The objection points out no constitutional defect in the proceedings and, if valid, should have been urged within the time limited by the statute. 51 C.J. 617; Roberts v. Evangeline Parish School Board, 155 La. 331, 99 So. 280, 282. Cf. Lyon Lumber Co. v. Livingston Parish School Board, 5 Cir., 286 F. 114. * * *"

From the foregoing it appears that the rule adopted with reference to this statute is that mere regulatory provisions of the exercise of the right or power to borrow money and which do not render the proceedings a nullity are controlled by the limitation statute quoted above.

Finding no error in the record, the judgment of the district court is affirmed. It is so ordered.

SADLER, BICKLEY, BRICE, and ZINN, JJ., concur.