99 P.2d 445

**GREEN et al. v. CURRY COUNTY BOARD OF EDUCATION et al.**

**No. 4501.**

Supreme Court of New Mexico.

Feb. 13, 1940.

J. C. Compton, of Portales, and Otto Smith, of Clovis, for appellants.

Wesley Quinn, of Clovis, for appellees.

ZINN, Justice.

This is an appeal from a judgment of the District Court of Curry County restraining and enjoining the appellants from changing a consolidated rural School District into a Municipal School District.

All issues, presented to the trial court, except one, were decided in favor of appellant. This appeal is prosecuted from the judgment holding against appellant on one point and will be the only point considered by this Court on the appeal.

The essential facts in the case are as follows: Grady School District No. 61 is a consolidated school district in Curry and Quay Counties, New Mexico. The major portion of the district is located in Curry County, New Mexico. All buildings of the district are located in the village of Grady, Curry County, New Mexico.

Prior to the year 1939 Grady was an unincorporated village. Early in the year 1939 it was incorporated as a village. All of the territory embraced in the village of Grady, as incorporated, is located in School District No. 61.

Immediately following the incorporation of the village of Grady a petition containing the signatures of more than ten per cent of the qualified electors, of the entire Grady School District No. 61 was presented to the Curry County Board of Education praying for an election to be held in said district to vote upon the question as to whether School District No. 61 should become a municipal school district in the manner provided by L. 1937, Ch. 204, Sec. 2.

The Curry County Board of Education passed upon the petition, and by resolution adopted April 14, 1939, provided for the calling of an election to be held on the 16th day of May, 1939.

The appellees attacked the proposed election and the proposed change, prior to the holding of the election. By stipulation the hearing of the case was postponed until after the election. The case, however, was tried two days after the election.

The trial court held that the failure to secure the written sanction and approval of the State Board of Education prior to the calling and holding of the election under L.1935, Ch. 66, Sec. 7, was a fatal omission on the part of the parties attempting to form the new municipal school district.

The question before us then is whether or not such failure to obtain the approval and sanction of the State Board of Education for the proposed change prior to the holding of the election is such a fatal defect as voids all of the proceedings and warrants the trial court in enjoining the Curry County Board of Education from proceeding further in the formation of the municipal district.

Appellants and appellees cite White et. al. v. Curry County Board of Education, 36 N.M. 177, 10 P.2d 590, 591, to support their respective views. Both sides claim that this case is authority for their differing views. Interesting to say the least.

Appellees quote the statement found in that case, as follows: "The present attack, if launched in time, would perhaps have been fatal.", as supporting their view that approval of the change not having been secured from the State Board of Education, and the instant suit having been launched before the holding of the election, therefore, the attack was timely, and the failure to secure the required consent is fatal.

Appellants argue that the White case, supra, supports their theory because in that case we said: "It would no doubt be wise to obtain such approval before going to the expense of holding an election. But the statute does not so require. We know of no reason why, if the approval has not yet been obtained, it may not still be obtained and included in the transcript." Appellants urge that the ap-

proval of the State Board of Education may be obtained at any time, either before or after election because the purported change cannot become operative until July 1st, subsequent to the election as provided by Sec. 2.

The White case, supra, was brought to determine the validity of a school bond election. One of the errors assigned therein was the refusal of the trial court to permit appellant to prove that the school district had not complied with L.1931, Ch. 119, Sec. 1, which required the State Board of Education to approve or disapprove any proposed bond issue.

Without deciding in this case whether proceedings instituted pursuant to L.1937, Ch. 204, even require the sanction and approval in writing of the State Board of Education of a contemplated change from a rural to a municipal school district, but assuming that L.1935, Ch. 66, does require such approval as is agreed by appellants and appellees, and was decided by the trial court, yet we find no requirement in either act that the approval and sanction of the contemplated change by the State Board of Education must be secured before or after the election.

The proceedings to be followed for the conversion of a rural school district into a municipal school district are clearly set out in L.1937, Ch. 204, Sec. 2. This expressly provides that the county board of education shall, within ten days from the filing of the necessary petition, meet

and determine the sufficiency of the petition and the genuineness of the signatures. All this was done. The act then provides that "* * * upon approval of such petition [the county board of education] shall order an election to be held for such purpose." Nowhere do we find any requirement in that act that before an "election" can be held, approval must be had by the State Board of Education. If approval must be had by the State Board of Education of a "change" from a rural school district to a municipal school district, we nowhere find any requirement that the approval of the State Board of Education must be secured to hold an "election" to determine whether a change should be made. That is all the appellants were seeking to do. They were attempting to hold an election to secure the approval of the qualified electors of the "change." If approval of the State Board of Education be required, such approval could be secured after the election as well as before.

 On cross-appeal, appellees claim that before an election as proposed by appellants can be held that L.1937, Ch. 204, Sec. 6, must be complied with. Such Sec. 6 reads as follows: "That whenever a city, town or village has been or shall hereinafter be incorporated, the board of education of said city, town or village may, in its discretion, annex thereto, for school purposes only, the remainder or any part of the remainder of the district or districts from which such city, town or village was organ-

ized, whenever a majority of the qualified electors residing within the territory to be annexed shall sign and file a written petition with said board of education for such purpose. When said remainder or part thereof of said additional outside territory has been, by resolution of said board, annexed to said city, town or village it shall be deemed to be a part of said city, town or village for all school purposes."

It is here conceded that when the village of Grady was incorporated no petition was circulated among the people living within school district 61, but who resided outside of the boundaries of the new municipality, for the purpose of obtaining their signatures to a petition praying for annexation to the municipal school district in accordance with said Sec. 6 as construed by cross-appellant.

The answer is obvious. The former consolidated school district has not yet been transformed into a municipal school district. That was the object of the election which the trial court held invalid. Until the special election required by Sec. 2 of said Ch. 204 is held to elect a municipal board of education, action if any that might be required of said board of education by Sec. 6, where applicable, could not be taken. Hence, whatever be the meaning of Sec. 6, which admittedly is somewhat obscure, the present facts do not call for an application of the requirements thereof.

The cross-appeal is without merit.

For the reasons given the cause will be remanded to the district court with instructions to deny the injunction prayed for by appellees, and to proceed in accordance with the views here expressed.

It is so ordered.

BICKLEY, C. J., and BRICE, SADLER, and MABRY, JJ., concur.