STATE, *ex rel.* I. C. BOUCHER, v. J. W. FOLEY, as Chairman, and JOHN L. ROBINSON, PHILIP J. LANGFORD, MILO M. EBERT and SHERLE W. GUTHRIE, as members of and constituting the Board of County Commissioners of Polk County.

175 So. 900.

Division A.

Opinion Filed July 19, 1937.

Rehearing Denied September 1, 1937.

*Sherman T. Taylor,* for Relator.

TERRELL, J.—This is a proceeding in mandamus, the petition for alternative writ praying that the Board of County Commissioners of Polk County, as respondents, be required to call and hold an election to determine whether the sale of intoxicating liquors shall be permitted or prohibited in said county.

The petition for alternative writ shows that on petition of more than five per cent. of the registered voters, the County Commissioners of Polk County called and held an election on the sixth day of November, 1934, and on the third day of November, 1936, to determine whether or not intoxicating liquors, wine, or beer should be sold in said county, but that both of said elections were declared invalid by the Circuit Court and no appeal was taken from either of said orders.

The instant petition for mandamus is predicated on the petition of the registered voters on which the election of November 3, 1936, was held, it being contended that since said election was held invalid, the electors were entitled to participate in a valid election and that it was the continuing duty of the County Commissioners to call and hold such elections until a valid election was held.

The answer to this contention turns on the interpretation of Article Nineteen of the State Constitution as amended in November, 1934, the pertinent part of Sections One and Three thereof being as follows:

"Section 1. The Board of County Commissioners of each county in the State, not oftener than once in every two years, upon the application of one-fourth of the registered voters of any county, shall call and provide for an election in the county in which application is made, to decide whether the sale of intoxicating liquors, wines, or beer shall be prohibited therein, the question to be determined by a majority of those voting at the election called under this Section, which election shall be conducted in the manner prescribed by law for holding general elections. * * *.

"Section 3. Until changed by elections called under this Article, the status of all territory in the State of Florida as to whether the sale is permitted or prohibited shall be the same as it was on December 31, 1918, provided that at the

general election in 1934 or at any time within two years after this Article becomes effective the Board of County Commissioners of any county shall, upon the application of five per cent. of the registered voters of the county, call and provide for an election to decide whether the sale shall be prohibited in such county, said election to be otherwise as provided in Article I hereof."

Under Section One as quoted, what are in common parlance termed "wet and dry" elections are required to be held each two years on petition of one-fourth the registered voters of the county. Under Section Three, it is provided that until changed by election called under this article, the status of all territory in the State as to sale of intoxicating liquors shall remain as it was December 31, 1918, provided that at the general election in 1934 or at any time within two years after this article becomes effective, the Board of County Commissioners shall, upon the application of five per cent. of the registered voters of the county, call and provide for an election to decide whether the sale of intoxicating liquors shall be prohibited in said county.

Section Four of Article Nineteen provides that it become effective upon its adoption and the repeal of the Eighteenth Amendment to the Federal Constitution which is shown to have been accomplished December 5, 1933, but Article Nineteen is shown to have been adopted November 6, 1934. It accordingly follows that under Section Three of Article Nineteen of the Constitution, elections thereunder could be called up to November 6, 1936, on petition of five per cent. of the registered voters, but that subsequent to that date, they must be held as required under Section One of Article Nineteen which is on petition of one-fourth the registered voters of the county.

It is settled law that if an officer or board of officers decline to perform a clear legal ministerial duty, they may be

compelled by mandamus to do so. If there is a continuing Act requiring such duty to be performed, it may be coerced even though the time designated in the Act for it to be performed has passed. If performed in an illegal manner as was done in this case, it may be repeatedly coerced until performed legally. McConihe v. State, *ex rel.* McMurray, 17 Fla. 238; Board of Commissioners of Lafayette County v. Hadley, 63 Fla. 90, 59 So. 14; 38 C. J. 721.

By providing that up to November 6, 1936, "wet and dry" elections shall be called on the "aplication of five per cent. of the registered voters of the county," while after that date, they shall be called on the "application of one-fourth of the registered voters" of the county, the Constitution interrupts the progress of the rule as above approved in this case. A different prerequisite being prescribed for the holding of such elections after November 6, 1936, than was prescribed prior to that date, we hold that any "wet and dry" election held in this State subsequent to November 6, 1936, must be predicated on a petition bearing the names of one-fourth the registered voters of the county. The Constitution in other words changes the law for holding such elections after November 6, 1936, and the law in effect at the time they are held must be complied with.

The petition for mandamus here shows on its face that the petition for calling the election does not contain the required names of registered voters. The alternative writ is accordingly denied.

ELLIS, C. J. and BUFORD, J., concur.

BROWN and CHAPMAN, J. J., concur on the opinion and judgment.