People of the State of Illinois ex rel. Earnest A. Bade, Appellee, v. Clarence J. Kennedy, Appellee.
People of the State of Illinois ex rel. Arthur E. LeClaire, Appellant, v. Clarence J. Kennedy, Appellee.

Gen. No. 9,345.

Opinion filed January 26, 1939. Rehearing denied May 2, 1939.

A. L. & C. M. GRANGER, of Kankakee, for appellant.

HARRY S. STREETER and ARMEN R. BLANKE, both of Kankakee, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

On March 12, 1937, a petition to establish a community high school was filed with the county superin-

tendent of schools of Kankakee county, requesting the said superintendent to call an election on the proposition to establish a high school in the territory designated in the petition. It is conceded that this petition was in proper form. On March 15, 1937, more than one-half of the legal voters residing in four of the contiguous sections of land embraced in the first petition, filed a petition with the county superintendent of schools, requesting this territory be annexed to the Momence Community High School District Number 158. The county superintendent of schools did not act upon this petition, but by order of the circuit court of Kankakee county, the county superintendent annexed these four sections to the Momence High School District. An appeal was taken from the order of the court to the Supreme Court, and was there affirmed, and this proceeding, relative to the four sections, is not involved in this suit.

On April 12, 1937, another petition was filed with the county superintendent of schools, which embraced a part of the land in the petition filed March 12, 1937, but omitted the four sections that had been annexed to the Momence High School District, and requested an election be called by the county superintendent of schools to vote on the proposition of organizing a community high school in the territory proposed in the petition.

The county superintendent of schools did not know how to proceed in the matter, and refused to call an election on either of the petitions. One of the signers of the petition of March 12, filed a suit for mandamus to compel the county superintendent of schools to call an election on the first petition. Later, a similar suit was filed by a signer of the second petition, asking that the county superintendent of schools call an election on the second petition. The latter petition alleges that by reason of the annexation of the four sections to the Momence Community High School, the first peti-

tion becomes null and void. The cases were consolidated, the court ordered the county superintendent to proceed to call an election on the petition filed March 12, 1937.

The case was tried upon the following stipulation of facts: (1) "That respondent is the duly elected, qualified and acting superintendent of schools of Kankakee County. (2) On March 12, 1937, there was filed in respondent's office a petition requesting him to call an election for the purpose of voting for or against the proposition to establish a Community High School for the benefit of inhabitants of the territory including the west two tiers of sections in Ganeer Township and all of the Township of Bourbonnais, except a tract 110 rods east and west by 40 rods north and south, the excepted portion being a part of Kankakee School District, all in the County of Kankakee.

Said petition was duly signed by more than fifty legal voters residing within the described territory, which said territory is compact and contiguous, no part of which has been involved in any petition, election or proceedings had to organize a school district for more than two years previous, and no part of which said territory was included within the limits of any existing high school district. Also that relator Bade is a citizen, taxpayer and legal voter residing within said territory.

(3) Further stipulated that on March 15, 1937, a petition was filed by more than two-thirds of the legal voters residing in Sections 19, 20, 29 and 30, in Township 31 North, Range 12 East (being the south four sections of the west two tiers of sections in Ganeer Township). The petition so filed requested annexation of these four sections, being non-high school territory, to Momence Community High School District No. 158 adjoining on the east; that notice was duly given according to law of such proposed change of

boundaries of the Momence District and no objections to the proposed annexation were made, and that later on April 9, 1937, on relation of a legal voter residing within said four sections, and upon due answer and hearing in the Circuit Court of Kankakee County, having jurisdiction of the subject matter and of all the parties, there was awarded a writ of mandamus directing the respondent Kennedy to enter an order annexing said sections to the Momence Community High School District No. 158; that an appeal therefrom was taken to the Supreme Court of Illinois where said judgment was affirmed (10 N. E. (2d) 806) and the said described sections were then duly annexed to said Momence District.

(4) That the said four sections so annexed to Momence District were included in the territory described in the petition filed March 12, 1937.

(5) That on March 16, 1937, there was filed in respondent's office a petition that he call an election to vote for or against the proposition to establish a Community High School within a territory including a part of the east portion of Bourbonnais Township and the west two tiers of sections of Ganeer Township, including the four sections later annexed to Momence District, all of which territory was within the boundaries of the territory described in the petition of March 12, 1937.

(6) That on April 12, 1937, there was filed in respondent's office a petition duly signed by more than fifty legal voters residing within sections 5 to 8 both inclusive, 17 and 18 in Ganeer Township and sections 1 to 4 both inclusive, 9 to 16 both inclusive and 22 to 27 both inclusive, in the Township of Bourbonnais, requesting the respondent to call an election to vote for or against the proposition to establish a Community High School for the benefit of the inhabitants of the last described territory. That said territory is com-

pact and contiguous within the meaning of the statute in such case made and provided, and that relator Arthur E. LeClaire is a citizen, taxpayer and legal voter residing within said territory, all of which territory was also included within the limits of the territory described in the petition filed March 12, 1937. No portion of the four sections annexed to Momence District are included within the territory described in the petition filed April 12, 1937, nor has any part of the territory described in the petition filed April 12, 1937, been involved in any petition, election or proceeding to organize a Community High School for more than two years prior to April 12, 1937, except as otherwise stated in this stipulation, and no portion of the territory described in this petition filed April 12, 1937, is within the limits of any existing high school district.

(7) All of the territory in all of the petitions described is located in Kankakee County, Illinois.

(8) The petition for mandamus in cause No. 24389 is based upon the petition for election filed March 12, 1937, and petition for mandamus in cause No. 24397 is based on the petition for election filed April 12, 1937.

(9) The respondent has no interest other than his desire to perform his duty according to law and submits the matter to the court, he not having acted upon any of the petitions filed in his office and herein referred to.

(10) The facts and circumstances upon which the rights of the public and of the relators in each of the consolidated cases are so identical and interrelated as to make advisable joint hearing and consideration of said causes, and relators and respondent consent and agree that the causes be consolidated and heard jointly by the trial Court and on appeal should any party desire to appeal.

(11) This stipulation to stand as the answer of the respondent in both causes and to be without prejudice

to the right of either party to produce other evidence, or to the Court's right to consider the petitions for mandamus in connection with this stipulation."

This was all the evidence offered or received on the trial of the cause.

An examination of the stipulation discloses that, at the time the first petition was filed, it was in proper form, also that, if the later petition taking out the four sections from the proposed district, or the court on its own motion striking these four sections from the petition, did not invalidate the first petition, then the second petition would have no standing in court.

We have been unable to find a precedent to guide us in the decision of this case, nor has either side to the litigation cited any cases bearing directly upon the question involved, viz., "What was the legal effect of altering the petition after it was filed." To entitle one to a writ of mandamus, one must show that he has a clear legal right to the writ at the time he asks for it. In this case by petition of a majority of the legal voters, the four sections in the first petition, were taken out of the proposed high school district, and put in a legally organized district. Later, the trial court amended the petition by striking these four sections from it. If the court could strike four sections from the petitions, we see no legal reason why he could not strike all but one or two, and the petition still be good. It is our opinion that when the four sections were taken from the proposed district, and added to the Momence district, that this was such an alteration of the original petition, that it became null and void, and the court could not amend the petition, and then compel the superintendent of schools to call an election on the amended petition.

The stipulation does not disclose what part of the signers of the original petition resided in that portion of the proposed district that was annexed to the Mo-

mence High School District. An examination of the record discloses that there were seventy-five signers to the petition. If a majority of said petitioners lived in the four sections which were annexed to the high school district, then the petition would not be in legal form. The burden of proof showing that the petitioner had a clear right to a writ of mandamus, was upon the relator.

The alteration of the petition of March 12, invalidated it, and the same was void. On April 12, 1937, a new petition for an election to vote on the proposition of establishing a community high school in the proposed territory was properly filed, and in legal form.

It is our conclusion that the trial court erred in granting the writ of mandamus on the petition filed March 12, 1937, but should have held that the same was invalid. The petition filed April 12, 1937, was a valid petition, and the county superintendent of schools should have been ordered to call an election on said petition.

The case is reversed and remanded to the trial court.

*Reversed and remanded.*