BROADHURST *et al. v.* HAWKINS, ordinary.

No. 12870.　June 15, 1939.

*Fort, Fort & Fort,* for plaintiffs.

*Dykes & Dykes* and *R. L. Maynard,* for defendants.

GRICE, Justice. The contentions of counsel for the plaintiffs, as stated in their brief, are as follows: "(a) Under the act, the ordinary is required to call an election in order that the question might be determined, and in this case it was not determined; therefore no 'election' has been had. (b) In either event it takes a majority of the votes cast in an election to determine the question, and there is no provision in the law made for declaring the results of a tie vote, and in order to determine the question it will be necessary for an election to be held in compliance with and pursuance of the petition filed with the ordinary to determine said question. (c) In this case there has been no 'election;' therefore the ordinary has not complied with his duty provided by law. (d) The act provides that said election shall be held according to the rules and regulations governing elections for members to the General Assembly, and under such rules and regulations the effect of a tie vote is to have another election." In support of these contentions, it is argued that under section 4 of the act the election therein provided for is for the purpose of submitting to the voters "the question of whether the manufacture, sale, and distribution of alcoholic beverages and liquors in the county shall be permitted or prohibited;" that therefore the election is to be held to determine the question; and that when there is a tie vote, nothing is determined. Attention is called to the fact that said section further provides

that if at such election "a majority of the votes cast shall be in favor of," etc., then the sale shall be permitted, but that if at such election "a majority of the votes cast shall be against," etc., then the sale shall be prohibited as is now prohibited by law. The argument as to this is that the burden is placed neither on the so-called wets nor on the so-called drys, but that they go to the polls on an equal basis, and one side must get a majority in order to win the election. The act further provides that "such election shall be held according to the rules and regulations governing elections for members of the General Assembly," and from this is deduced the further argument that, as in the event of a tie vote in an election for members of the General Assembly, another election must be held.

We do not think that, because it is declared that the liquor election shall be held according to the same rules and regulations as those governing elections for members of the General Assembly, it would follow that in case of a tie there would have to be a second election. It would seem that the words "rules and regulations" referred to the manner of holding the election, the hours of opening and closing of the polls, the qualification of the managers, etc. There are other references in the act which should be looked to in determining the question before us. In section 27 occurs the following: "and it is the purpose and intent of this section to provide that the prohibition law is not repealed in Georgia, except in the counties which have by a majority vote voted this act into operation." It is true that the section itself deals only with the possession of whisky in dry counties, but that fact does not nullify the other, to wit, the declaration of legislative intent that it takes a majority vote to put the act into operation. There is another provision in the act to the effect that "No ordinary shall call, nor shall any election provided for herein be held within two years after the date of the declaration of the result by the ordinary of the previous election for such purpose under this act." We think that within the meaning of the act there has been an election, although it resulted in a tie vote. In State ex rel. Brownville v. Council of Stryker, 95 Ohio St. 101 (115 N. E. 1007), the Supreme Court of Ohio ruled as follows: "Where, in a municipal corporation in which the sale of intoxicating liquors as a beverage is not prohibited, the council, under the provisions of section 6127 et seq., General Code, orders a special election to be held to determine by ballot whether

the sale of intoxicating liquors as a beverage shall be prohibited, and the affirmative and negative of the proposition submitted to the electors each receives the same number of votes, this is an election within the meaning of that term as used in section 6136, General Code, and will preclude the holding of another election for that purpose before the expiration of two years." While there seems to be a paucity of precedents on the question presented, we are of the opinion that the court committed no error in refusing the writ of mandamus. *Judgment affirmed. All the Justices concur.*