255 P.2d 678

**KIDDY et al. v. BOARD OF COUNTY COM'RS OF EDDY COUNTY et al.**

No. 5550.

Supreme Court of New Mexico.

April 6, 1953.

This is a companion case to Carper v. Board of County Commissioners of Eddy County, 57 N.M. 137, 255 P.2d 673. The plaintiffs, appellants in this class suit, are qualified electors, property owners and taxpayers of Eddy County and were among the signers of a petition calling for an election which was filed with the County Clerk of Eddy County as ex-officio clerk of the Board of County Commissioners on February 20, 1952. In material particulars this petition reads as follows:

"Petition

"We, the undersigned qualified electors of Eddy County, New Mexico, hereby petition the Board of County Commissioners of Eddy County, New Mexico, asking that a vote be taken on the question or proposition of issuance of bonds of the County of Eddy, State of New Mexico, in the total sum of $1,600,000.00, for the objects of constructing or purchasing a hospital with isolation ward, equipping such hospital, and acquiring the land therefor at Carlsbad, New Mexico, for which $1,000,000.00 of said bonds are to be voted for, and for the construction or purchasing a hospital with isolation ward, equipping such hospital, and acquiring the land therefor at Artesia, New Mexico, for which $600,000.00 of said bonds are to be voted."

Archer & Dillard and Milford D. Estill, Artesia, for appellants.

N. Randolph Reese, Hobbs, for appellees.

COORS, Justice.

The Board of County Commissioners disapproved the petition and determined not to call the election requested upon advice given them by the district attorney. There appears to be no question that the petition was signed by a requisite number of qualified electors. Plaintiffs filed their verified application for an Alternative Writ of Mandamus on March 19, 1952, in the District Court of Eddy County. The court issued its Writ commanding the defendants that after receipt of the Writ and on some date not later than April 2, 1952, they should either grant the petition and make the proper order thereon, resolving that a special election be called and proclamation issued, or in the alternative, that they show cause before the court for not doing so. Defendants answered, denying that it was their duty to grant the petition and to call the special election requested, denying that the petition had for its object purposes authorized by the laws of the State of New Mexico, and stating that the petition called for a joint submission of two propositions as one question. Defendants objected further upon the ground that since one of the objects was the purchase of a hospital or hospitals at the two designated points in the county, it was in violation of Article 9, Section 10, of the Constitution of New Mexico.

After hearing was had upon this cause and the companion case of Carper v. Board of County Commissioners of the County of Eddy, the application for Peremptory Writ of Mandamus in the instant case was denied. Exceptions were duly taken and this appeal follows.

On the point urged for determination as to whether the petition presented to the Board of County Commissioners improperly combined two separate propositions for hospital construction as one question, our holding in Carper v. Board of County Commissioners of the County of Eddy to the effect that dual propositions were presented, is controlling herein. Two propositions being submitted as one question, the petition was invalid.

The further question raised in the instant case respecting constitutionality of Laws 1947, Chapter 148, Sections 1–9, being New Mexico Statutes Annotated, 1941 Comp., Pocket Supp. §§ 15–5001 to 15–5009, upon the ground that the act purports to authorize bond elections not merely for erection or construction but also for the purchase of already existing hospital facilities, contrary to New Mexico Constitution, Article 9, Section 10, which refers only to erection or construction of necessary public buildings, need not be decided in view of the adverse decision upon the duality question hereinbefore mentioned. Suffice it to say, that presence of the additional provision in this petition for either "the construction or purchasing of hospital with isolation ward" at each of the two locations

within the county, i.e., at Carlsbad and Artesia, may accentuate and certainly does not diminish the multiple character of the petition.

A further point raised in this case, however, needs our consideration. This is the argument advanced with singular vigor by the appellants that the Board of County Commissioners cannot question constitutionality of the statute which prescribes their duty to call a special election for the purpose of voting upon the hospital bond issue, as a defense to a mandamus proceeding instituted to compel performance, in absence at least of a showing that they are either injured or jeopardized by operation of the statute.

■ ■ Mandamus traditionally lies to direct performance of nondiscretionary tasks and by statute the remedy may be extended to discretionary tasks, but ordinarily only to the *doing* of them and not to the manner in which the discretionary task shall be performed. Wailes v. Smith, 1893, 76 Md. 469, 25 A. 922; Clark v. Ardery, 1949, 310 Ky. 836, 222 S.W.2d 602. As brought out by the court in Wailes v. Smith, a nondiscretionary or ministerial duty exists when the officer is entrusted with the performance of an absolute and imperative duty, the discharge of which requires neither the exercise of official discretion nor judgment. The Supreme Court of Iowa attempted to distinguish between ministerial and non-ministerial acts in the case of First National Bank v. Hayes, 1919, 186 Iowa 892, 171 N.W. 715, 718, in the following manner:

"* * * A ministerial act has been defined as 'one which a person or board performs upon a given state of facts, in a prescribed manner, in observance of the mandate of legal authority and without regard to or the exercise of his own judgment upon the propriety of the act being done.' * *

The 'distinction between merely ministerial and judicial or other official acts seems to be that, where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial, but where the act to be done involves exercise of discretion or judgment, it is not to be deemed merely ministerial. Discretion may be defined, when applied to public functionaries, as the power or right conferred upon them by law of acting officially under certain circumstances, according to the dictates of their own judgment and conscience, and not controlled by the judgment or conscience of others.' "

The definition as stated is sound, but it is difficult to classify each and every individual case as one which involves either no

discretion or judgment, or as one that does. As was well brought out in a note in 27 Iowa Law Review 291, commenting upon the above case, at page 295:

"But no general definition will serve to establish a magic line sharply dividing ministerial from non-ministerial acts. The difference between these two categories is one of degree and not of 'kind' * * * It is difficult to conceive of a situation in which the official intrusted with power to act finds his duties so clearly prescribed that he becomes no more than an·automaton in exercising them. Interpretation and judgment seem to inhere to a greater or less extent in every official function. *In carrying out the duties which the statute has defined, the acting official must determine whether in any particular circumstances he has a duty to act. * * * *"* (Emphasis ours.)

If the Board of County Commissioners had been presented in the instant case with a petition which clearly and unequivocally met all the requirements of the statutes and Constitution of New Mexico, the duty to call an election would no doubt be mandatory and unqualified. Under those circumstances, mandamus would be a proper remedy to enforce the ministerial duty of calling the election. The petition, however, was not presented in such unequivocal form; the situation was one in which interpretation and judgment were necessary.

Appellants submit the argument than an officer cannot as a defense in a mandamus proceeding question constitutionality of a statute when he is not personally injured or jeopardized in his official capacity by its operation, and cite the cases of State ex rel. Davidson v. Sedillo, 1929, 34 N.M. 1, 275 P. 765, and Hutcheson v. Gonzales, 1937, 41 N.M. 474, 71 P.2d 140, as well as an exhaustive annotation from 129 A.L.R. 941, in support of the position. We do not here question the correctness of the requirement of personal injury or jeopardy set forth in these authorities. Nor does there appear to be any suggestion upon the record in this case that any serious or special harm would befall these Commissioners as a result of calling the election. The chairman of the Board of County Commissioners, in fact, quite frankly admitted upon cross-examination that no injury to him in his official capacity would result. A distinction, however, which is apparently overlooked in appellant's argument is the fact that these defendants are not questioning constitutionality of the statute on this point, but rather that they are challenging validity of the petition which has been presented to them. Submission of the petition created a situation under which it became their duty either to call an election or not to call one. We may admit that under the controlling

statute, as a general proposition, the task to be performed by the county commissioners is substantially ministerial in character. Yet, the petition was framed in such language and form that the board was of necessity called upon to determine whether under the particular circumstances it had a duty to call an election. The answer to that question was not of a ministerial type. To resolve its dilemma the board quite properly sought the advice and guidance of competent and duly constituted legal authority. The board is not by its own judgment questioning the constitutionality of a statute or of the petition. It is merely carrying out the requirements of the fundamental and statutory law, as it safely may and is expected to do, under their individual oaths to uphold the Constitution and laws of the State of New Mexico. The county commissioners are called upon to act upon legal petitions only. If a petition is not legal, no imperative duty exists on their part to call an election. They cannot by mandamus be compelled to perform an illegal task. Broadhurst v. Hawkins, 1939, 188 Ga. 316, 3 S.E.2d 905; State ex rel. Gerig v. Graves, Mo.App.1943, 171 S.W.2d 778. As stated in 55 C.J.S., Mandamus, § 142, at page 236:

"The writ, however, will not lie in the absence of a clear, legal right, or where the statutory prerequisites have not been satisfied * * *."

In the instant case, absence of the legal prerequisites was pointed out to the Commissioners by the District Attorney. Absent expert legal counsel, perhaps, it would be their responsibility to resolve all doubts in favor of constitutionality and legality of the petition. No one, however, would question their right to refuse to call an election upon the basis of a petition which was patently deficient upon its face, as for example, in event the petition carried an insufficient number of signatures. Here, too, the Commissioners thought they recognized a deficiency in the form of the petition in that, as they explained in their separate defense to the alternative Writ of Mandamus, "there is no way for these defendants, in their capacity as Board of County Commissioners to determine whether or not said petitioners would have signed said petition had said petition called for the submission of each proposition separately." Hence, in order to determine what their legal duty was under the circumstances they sought advice upon the question, first from the Attorney General's office and then from the District Attorney. The latter advised them, orally at first and later in writing, that the petition was no good and that they should not take the affirmative action requested.

There is ample precedent for the proposition that a Writ of Mandamus should be refused where all of the condi-

tions required by law for the calling of an election do not exist. State ex rel. McCarty v. Thim, 1944, 130 Conn. 710, 37 A.2d 223; State ex rel. Boucher v. Foley, 1937, 128 Fla. 800, 175 So. 900; State ex rel. Nord v. Baxter, 1927, 192 Wis. 378, 212 N.W. 796; State ex rel. Werner v. Koontz, 1950, 153 Ohio St. 325, 91 N.E.2d 473. It has likewise been held that where the existence of facts which would require the performance on part of the board or officer remains the subject of judicial determination, mandamus is not proper. Meeker v. Reed, 1925, 70 Cal.App. 119, 232 P. 760. Such circumstances existed in the instant case. There was a judicial question as to whether the board had been presented with a petition which called for a single or a dual proposition, since the precise issue raised had not been previously settled by the courts in this state.

It may be added that in view of the District Attorney's opinion that the petition was invalid, in event the Board of County Commissioners had proceeded to take steps toward calling the election, a mandamus petition to prevent it from so doing might not have been improper. Public functionaries may be restrained by mandamus from doing what they know is an illegal act. See, for example, the recent cases of Leininger v. Alger, 1947, 316 Mich. 644, 26 N.W.2d 348 and McFadden v. Jordon, 1948, 32 Cal. 2d 330, 196 P.2d 787.

We are further called upon to determine whether any duty or authority rests with the Board of County Commissioners to separate propositions which have been erroneously combined in the petition and to submit the matter to the electorate as two separate propositions. Statement of the question virtually supplies its own answer in light of the language in Dickinson v. Board of Commissioners of De Baca County, 1929, 34 N.M. 337, 281 P. 33, 36, stating that

> " * * * the county commissioners are not the persons empowered by law to select the method; that is one of the functions of the petition, and it lies with those who prepare and sign it to choose by the language they employ whether they are requesting the submission of a joint or two separate propositions."

The Board of County Commissioners is under a legal obligation to call an election only when a petition is *presented* which meets all of the prescribed constitutional and statutory requirements, whether that be in respect to the number of signatures which it bears, whether the signatures are those of qualified electors, or whether it be the requirement that the proposition be singularly submitted. If there be noncompliance in any of these expressly enumerated essentials there is no provision of law or constitution which compels them to act. Any

efforts on their part to reframe the petition to read in a legal manner would, as happened in the Dickinson case, be met with the answer that the County Commissioners cannot legalize something which is required to be in legal form at the moment it first is presented to them.

In the case of People ex rel. Le Claire v. Kennedy, 1939, 300 Ill.App. 16, 20 N.E.2d 977, the trial court was asked to mandamus a county school superintendent to call an election upon the basis of a petition which contained provisions which made the petition illegal. The trial court itself, in that case, amended the petition by striking the illegal portion from it. The appellate court held that this alteration of the original petition rendered it null and void and that the lower court could not by mandamus compel the superintendent of schools to call an election on the amended petition.

It follows that under the circumstances of this case, mandamus will not lie to compel the Board of County Commissioners of Eddy County to issue a proclamation for and to call a special election upon this hospital bond issue. The only consequence of such action would be the conclusion that no valid election had been held upon the questions sought to be submitted jointly in the petition. The court should not compel performance of a futile and illegal act.

The trial court correctly denied a Peremptory Writ of Mandamus and properly discharged the defendants in the case. The judgment will be upheld.

It Is So Ordered.

SADLER, C. J., and McGHEE, COMPTON and LUJAN, JJ., concur.