BARKDULL, Judge.
Involved in these appeals is the propriety of a peremptory writ of mandamus, directing the Chief Building Inspector of the City of Miami Beach to enforce the provision of the zoning code of said City in reference to certain property located therein.
From the record on appeal, the following is revealed: Lots 22 to 35 [inclusive], Block 15A, ISLAND VIEW ADDITION, Plat Book 9, page 44, of the Public Records of Dade County, Florida, were located in a use district known as “BD” which, among other things, permitted “boat or yacht storage * * * Following necessary procedural steps in holding a public hearing, the City of Miami Beach amended its comprehensive zoning ordinance [by its duly constituted authority] and moved this property from a “BD” business district to a “BB” business district. Thereafter, the 6 lots involved in this litigation [being lots 28 through 33 inclusive] were sold and disposed of and came into the control and use of the Miami Beach Yacht Corporation, which owned adjacent property to the west whereon, among other things, they conducted a boat manufacturing business. Subsequent to the property being placed in a “BB” business district, boats belonging to the Miami Beach Yacht Corporation were stored on these properties. Counsel for the appellee-relator requested the Chief Building Inspector [appellant, Reuben] to cause this unauthorized use of these lots for boat storage to be halted, he being the responsible authority in the City of Miami Beach charged with this duty pursuant to the City’s comprehensive zoning ordinance, as follows: “It shall be the duty of the building inspector to enforce this ordinance.”
When it became apparent that the building inspector was not going to discharge his *511 duty and was not going to attempt to halt the unauthorized use in this “BB” business district, the appellee [as relator in the trial court] filed a petition for alternative writ of mandamus, which petition was granted and the alternative writ issued. Following service of the alternative writ and a copy of the petition upon the respondents[1] [the appellants herein], they duly filed a motion to quash [which was denied] and a response to the alternative writ. Subsequently, the matter came on for final hearing in the trial court, which entered the peremptory writ here under review directing the appellant, Reuben, to require the removal of the boats being stored on the property involved, and requiring him to enforce the cessation of the use of these properties for the purpose of storing boats thereon. This appeal ensued, and the appellants have preserved two points for review: (1) Whether the court erred in denying the motion to quash and (2) Whether the court erred in entering the peremptory writ. We affirm.
Mandamus is a recognized remedy to require a public official, who is clothed with the authority, to discharge his duty. State ex rel. Boucher v. Foley, 128 Fla. 800, 175 So. 900; State ex rel. Miller v. Doss, 141 Fla. 233, 192 So. 870; 21 Fla.Jur., Mandamus, § 47. There is no requirement that a relator exhaust his administrative remedies prior to seeking the issuance of an alternative writ of mandamus, when it is apparent that either such a gesture would be a futile one or that there is no discretion to be exercised by the official involved under the clear wording of either a statute or an ordinance designating him as the authoritative person to respond thereunder. City of Miami Beach v. State ex rel. Parkway Company, Inc., 128 Fla. 118, 174 So. 443; Cook v. DiDomenico, Fla.App.1961, 135 So.2d 245.
As to the second point, the record brought to us [which was presented to the trial court] was certainly ample to support his decision. The comprehensive zoning ordinance of the City of Miami Beach recognized that certain property could be used for boat storage if it was located in a “BD” business district or one more liberal than “BB” business district. Certainly, as this is the first mention of boat storage in the comprehensive ordinance, we find no merit in the appellants’ contention that the use of property for boat storage could have been permitted in a higher or more restrictive use classification [“BB”], when no specific mention of this right was contained therein and, to the contrary, it ap^-pears that any storage permitted in a “BB” business district classification would be in an enclosed building; whereas boat storage, as used in “BD” business district, could be either within an enclosed building or, as in fact used in the instant case, stored in the open and in obvious view.
The appellants also contend that the storage of boats could have been permitted under the “catch-all” phrase in the “BB” business district classification.[2] We reject this argument. Boat storage is specifically permitted in the “BD” business district, and it would not be permissible under the “catch-all” phrase in a more restricted district to permit a use which had been determined by the legislative body of *512 the City to be permitted only in a more liberal classification. In fact, it would appear that where the legislative authority of the City had placed a particular use in a certain district, it should not be permitted under the “catch-all” provision of any higher or more restrictive use district. To do otherwise nullifies the legislative decision of the City Council in determining where a designated business use would be permitted. A “catch-all” phrase is to cover contingencies for particular business uses which are not described or allocated in the comprehensive zoning ordinance.[3] But, where a particular use is described, the “catch-all” phrase should not be available to permit this business use in a district other than that fixed by the legislative authority. '
It is apparent from the record that at the time the City Council held its public hearings and re-zoned the property involved from a “BD” business district to a “BB” business district, it was well aware that the Miami Beach Yacht Corporation was interested in the property remaining in a "BD” business district classification in order to expand its boat repair, manufacturing, and storage business. Notwithstanding this objection to the re-zoning by the representatives of the Miami Beach Yacht Corporation, the City Council did re-zone the property to a “BB” business district and, thereafter, the Miami Beach Yacht Corporation either acquired the instant property involved by fee simple title or acquired the right to use it and began to place its boats in storage thereon.
Therefore, for the reasons above stated, the issuance of the peremptory writ of mandamus, here under review, be and the same is hereby affirmed.
Affirmed.

. The petition was not incorporated either verbatim or by reference in the alternative writ, but the respondents were served with a copy of it at the time of the alternative writ and, by the terms of the writ, were ordered to respond thereto. We consider this meets the test of City of West Palm Beach v. Knuutila, Fla.App.1966, 183 So.2d 881.

. * * *
“ * * * or any other similar enterprises or businesses, which are not more obnoxious or detrimental to the welfare of the particular community than the enterprises or businesses herein enumerated.”

. Savelkoul v. Board of County Commissioners, Ward County, N.D.1959, 96 N. W.2d 394; Bryan v. Darlington, Ct.Civ.App.Texas 1947, 207 S.W.2d 681; 101 C.J.S. Zoning § 148, p. 908; 50 Am.Jur., Statutes, § 249; Vol. 2, Yokley, Zoning Law and Practice, 3rd Edition, p. 437; “cf.” Children’s Bootery v. Sutker, 91 Fla. 60, 107 So. 345, 44 A.L.R. 698.